The opinion of the court was delivered by
Duncan, ,T.
The effect of a nonsuit would have been, that the report of the arbitrators would have stood, and judgment on it would have remained, untouched; this was decided in Moore v. Hamilton's Executors. The plaintiff, to prevent this,preferred that a verdict should pass against him; and when the defendant offered evidence of his set off, he objected, and the court sustained his objection. To this the defendant excepted. The jury returned a general verdict for the defendant^ on which judgment was entered. We can easily see the advantage which the plaintiff proposed to himself by this course, by insisting to go on with the trial, and objecting to the evidence of defalcation. If he succeeded, he got rid of the sum *60 awarded against him, and as he wonld obtain a verdict more favourable than the award of the arbitrators, the costs of the appeal. This was a contrivance which is not entitled to any favour, an attempt to elude the effect of the award, without reversing it on the appeal; whereas, the act directs, “that judgment shall be entered on it, and it shall be a lien on the party’s real estate until such judgment be reversed on appeal.” By having no case, he is much better off than if he showed a cause of action; but the rejection of the evidence- must have been founded on this, that the plaintiff not having substantiated any demand, there could be no counter demand. There was no room for defalcation, because there was nothing from which it could be defalked; there could be no set off, because there was nothing from which to deduct it. All this may be right under the British defalcation acts, where there cannot be any sum recovered by the defendant. The defendant’s counter demand would not be received in evidence, because he could gain nothing by it; it would be useless then to proceed further. But under the defalcation act of 1705, the provision goes much further; “if itshall appear to the jury, that the plaintiff is overpaid, they shall give a verdict for the defendant, and certify how much they find the plaintiff is in arrear to the defendant, which shall be recorded with the verdict, and shall be deemed a debt of record.” Under this act, the defendant, where his demand overruns that of plaintiff, is the actor, the law gives him his election, either to bring his action, or set it off. He makes election. If it is debt on a specialty, and the set off is by simple contract, and while the matter is sub Hie, the six years expire, if the plaintiff could discontinue or become nonsuit, he might bring a fresh action on the bon,d; and to the plea of set off, might reply, the statute of limitations. As I understand the law on this subject, it is, that the plea, or set off, is in its nature an action, and that the plaintiff cannot discontinue. On the plea of a tender, amply sufficient to cover the debt proved on the trial, the plaintiff cannot be nonsuited, otherwise he might take the money out of court, and commence a fresh action; and the rule, as to nonsuits, is this, that the plaintiff may, in general cases, suffer a nonsuit, unless there be something on the record inconsistent with this judgment; something on the record to prevent the plaintiff from abandoning his suit. Now here there was a judgment against him quite inconsistent with a judgment of nonsuit. Notice of set off is equal to plea of set off, which is an issuable plea. If the parties proceeded to trial on this issue, what impediment could there be in the defendant’s way ? Why should he not be suffered to prove his issue ? There might be something in this, if the judgment for defendant, on failure of plaintiff to prove any demand, were merely that the defendant should go without day ; but here the defendant may obtain something more; a judgment for his own demand. It is by no means the case, that there may not be a judgment of nonsuit against the plaintiff, *61 for not going to trial of certain issues, after judgment for defendant, on demurrer to certain special pleas, for then the judgment would be entered specially; a judgment that the plaintiff made default to appear, &c. on these issues, and therefore, was nonsuited, and that the defendant should-go without day, as to the residue also; but there can be no nonsuit where there is a general judgment against the plaintiff for a certain sum;'there can be no retraxit. If there could be, the consequence is a necessary one, that the judgment against him still remains. If this judgment was to stand, this would be a strange récord, .where there are two judgments, one for defendant for an actual sum on the report, the other on the verdict; the one, that defendant should recover2,445 dollars, his own demand, and that fr.om the plaintiff’s demand, because he did not support it, he should go withoüt day. What is to prevent execution being taken out for the sum awarded, for that judgment remains in full force unreversed on appeal, and the plaintiff has not succeeded in his appeal. So far as respects this sum, the judgment is unimpaired, and my only doubt here wás, whether the judgment should not be affirmed, the record remitted, and the plaintiff in error suffered to proceed on the award and judgment; but as that is not asked by him, and as there is error in the rejection of the evidence of set off, which is the only matter now before this court, the only error assigned, it appears to them,there was manifest error in rejecting the evidence, and that the judgment be reversed. The error into which the court fell was, in not discriminating between the English act of defalcation, artd.our law. A 'train of reasoning without this discrimination, or attending to the circumstance of this being an appeal from a judgment for money in favour of the defendant below, must have occasioned this mistake; it would have been obviated by adverting to this state of the record.
Judgment reversed, and a venire facias de novo awarded.