# Good *against* Good.

Where, in an action of debt, there are two issues, one upon the plea of *non est factum*, and the other upon a plea of payment with leave, &c., a general finding for the defendant finally disposes of both, and the subject matter of a set-off or defalcation given in evidence under the plea of payment, can not be reasserted in another action between the same parties.

In the practice of this state, an omission to give evidence of a set-off would be considered as a retraction of the notice; but where the defendant follows up his notice with evidence at the trial, he is concluded by the verdict.

The residue of a set-off not exhausted in extinguishing the opposite demand is recoverable, and must be disposed of by the same jury. Being virtually a cross action for an entire demand, it must be prosecuted for the whole, if at all; and where there is nothing to show that it was withdrawn, and the verdict is for the defendant, generally, it is to be presumed that the jury held the plaintiff's claim to be satisfied by the set-off, and no more.

A set-off, as a ground of demand, is legal, and independent of the plaintiff's cause of action: a plea of failure of consideration is equitable, inherent in all the securities founded on the same consideration, and applicable to successive actions on any of them, till the defendant is compensated by defalcation to the extent of his loss.

In an action by a vendor against a vendee, to recover the consideration of the purchase of land, in which the defendant sets up a defective title and loss of part of the land as a defence, a false recital in the deed is not evidence of actual fraud, without which the stipulated price is the standard value of the compensation.

ERROR to the district court of *Lancaster* county.

John Good, Esq. against Jacob Good. This was an action of debt, founded upon two bonds and a single bill, not exceeding 1200 dollars.

On the 1st of April 1829, John Good, the plaintiff, put his son, Jacob Good, the defendant, into possession of a tract of land, and on the 15th of January 1830, sold it to him for 7380 dollars 88 cents, but did not deliver the conveyance until the 17th of Septem-

[Good v. Good.]

ber 1831, when the purchase-money was in part paid, and a judgment bond for 3000 dollars, and six common bonds for 500 dollars each, were given by the son to the father. On the 5th of A'pril 1833, judgment was entered on the bond for 3000 dollars. Subsequently Jacob made an application to the court to open the judgment, and let him into a defence, on the ground that the bond had been obtained by fraud. The judgment was opened, and the defendant pleaded *non est factum* and payment, with leave to give the special matters in evidence. Upon the trial of this cause, evidence was given to support the plea of *non est factum;* and to support the plea of payment, &c., the defendant relied on four matters:—1. That sixty acres of the land sold by the plaintiff to the defendant, were charged with the dower of Barbara Good, and for the arrears of it, this land, with the residue of the dower tract, had been sold by the sheriff for 88 dollars 25 cents an acre, amounting to 5295 dollars; and for this the defendant claimed a defalcation. He also claimed a defalcation of 468 dollars 49 cents, paid by him to Peter and Barbara Good, to relieve these sixty acres. He also claimed the sum of 1000 dollars for work, labour and service for his father after he arrived at the age of twenty-one years. He also claimed 2000 dollars, a promised gift by the father to him, or as it is called in German, *erbschaft,* to be taken off the price of the land; and he also claimed damages for the loss of the sixty acres of land, because of the fraud of the father in imposing it upon him. The plaintiff in that trial admitted the defendant was entitled to a credit of 2585 dollars 70 cents, with 71 dollars 50 cents interest on it, his proportion of the dower debt for which his sixty acres were sold, and also to 468 dollars 49 cents, paid by him on the same account, and claimed a balance of 1307 dollars 88 cents as still due him. The court charged the jury on all the matters given in evidence in the cause, and the jury returned a general verdict for the defendant.

Then came on the trial of this cause between the same parties, founded upon two of the 500 dollar bonds, and a note given for the purchase-money of the land. The pleas were, *non est factum* and payment with leave, &c. Under the first plea, no evidence was given by the defendant. Under the plea of payment, the defendant again claimed defalcation for the loss of the sixty acres of land, and damages, because of the alleged fraud practised upon him by his father, and gave all the evidence on this subject which had been given on the former trial, including the deed from the plaintiff to the defendant, which contained a recital that the widow of Peter Good had released all her right, interest, claim, and demand which she had to the land. It also appeared on the trial, that no such release existed; on the contrary, the widow recovered her dower from the vendee, as before stated. This evidence was all given, and received by the court on the alleged ground that the whole amount of the plaintiff's claim, in the first action, was not equal to

[Good v. Good.]

the amount of the defalcation and set-off to which the defendant was then and now entitled. On the part of the defendant, the proceedings, verdict, and judgment in the first action, were all given in evidence, including the notes of the evidence, and the statements sent out with the jury by defendant, which included his claims as matters of defence. In answer to this, the defendant offered to call as witnesses the jurors on the former trial, to prove that their verdict was found solely upon the plea of *non est factum*, and not upon any claim of the defendant contained in his statement sent out with them, but the court overruled the offer.

The court below were requested by plaintiff to charge the jury upon the following points:

1. That the credit claimed in this suit now trying for the money paid by the defendant Jacob for his father, John Good, the plaintiff, to Joseph Good, for the dower of Barbara Good, the widow of Peter Good, out of the mansion estate of Peter Good, deceased, and for the money paid by Jacob Good, for his father John Good, to Peter and Barbara, two of the heirs of Peter Good, deceased, amounting to 3038 dollars 4 cents, cannot be allowed, because in the suit No. 248 of February term 1833, of John Good against Jacob Good for a bond for 3000 dollars, which with interest amounted to 4433 dollars 50 cents, the same credit was claimed and given in evidence by the defendant.

2. That evidence of the recovery by Jacob Good, in the suit No. 248 of February term 1833, tried last week, is a conclusive bar to the allowance of the same set-off, or defalcation in this suit.

3. That the evidence of the testimony of the set-off given in the suit tried last week, is as conclusive against the allowance of the same set-off, or defalcation now offered, as if it were pleaded.

4. That there being no evidence of the payment by the defendant of the demand in this suit, the jury, if they believe that the bonds and note, or single bill, sued for, are the deeds of the defendant, must find a verdict for the plaintiff for the amount of the debt demanded and in trial in this action.

And the court were requested by defendant to charge the jury upon the following points:

1. That fraud vitiates all contracts, and that the suppression of the truth or the suggestion of falsehood by one selling land to another, relative to the title of the land, is fraudulent in law.

2. That the insertion of a covenant by the grantor in a deed for land, containing a recital of a release, or other instrument, material to the title of the purchaser, when in truth no such release or other instrument exists, is fraudulent.

3. That the insertion of a covenant in the deed from John Good to Jacob Good, of a release from Barbara Good to John Good, was material to the title of the purchaser, Jacob Good, and such release not appearing to exist, is fraudulent.

[Good v. Good.]

4. That the payment of incumbrances on the land by a purchaser, is a good defence against the payment of the purchase-money.

5. That in a case of fraud, the measure of damages, in case a purchaser is dispossessed of any part of the land purchased, the average price of the land is not the measure of damages, but the jury may assess such damages as they think right.

6. That the jury in this case have a right to find a verdict for the defendant, and to certify in their verdict how much they find the plaintiff indebted to the defendant more than will answer the sum demanded by the plaintiff in this suit.

7. That it is a fact for the jury to determine, whether the jury in the former suit considered the evidence of set-off, or of equitable defence in the case, or in what manner they made up their verdict, whether on the ground that it was not the bond of Jacob Good, or on the ground that the bond was given without consideration.

·The court below answered all the plaintiff's points in the negative, and all the defendant's points in the affirmative, and the jury returned a verdict for the defendant, and " certify that they find the plaintiff indebted to the defendant 2500 dollars over and above the sum demanded in this suit."

*Norris*, for plaintiff in error, cited 9 *Serg. & Rawle* 81; 6 *Serg. & Rawle* 57; 1 *Penn. Rep.* 152; 4 *Rawle* 273; 1 *Stark. Ev.* 220, 224; 16 *Johns.* 136; 16 *Serg. & Rawle* 98.

*Reigart*, for defendant in error, cited 4 *Serg. & Rawle* 246; 1 *Phil. Ev.* 224, 253; 4 *Day* 431.

The opinion of the court was delivered by

Gibson, C. J.—Jurors are sworn to try, not a particular issue, but all the issues, where there are more than one; and of this duty they can be relieved only by one of the parties, with the assent of the court to a motion to withdraw a count or a plea. Hence it is their business to pass on all the questions submitted to them, wholly or in part for the plaintiff or the defendant, *reddendo singula singulis,* 2 *Tidd's Pr.* 919, and where the issues are all to be found for the same party, it may be done in general terms, equally applicable to each of them; but where some of them are to be found for the one party, and some for the other, they must be disposed of in detail, to avoid the fatal necessity there would else be to patch up the record with parol evidence. Surely the unassisted records of our courts ought to be so intelligible as, at least, to show what was tried and what was not. A very moderate share of attention to the entry of a verdict would make it speak for itself, and the pains thus bestowed on it would find more than compensation in the security which is ever afforded by a recurrence to settled forms. Before judgment, a verdict may be moulded at pleasure, but only

in the same cause, and not where it is before the court collaterally. Thus, where to an avowry for rent the plaintiff had pleaded *non tenuit* and *riens in arriere*, the first of which was found for him, it was held that, as the second had become immaterial, the proper course was to discharge the jury of it; but that if any verdict were entered on it, it must be for the party who pleaded it. Cossey *v.* Diggons, 2 *Barn. & Ald.* 546. In the case at present under consideration, it was not shown that the set-off had been withdrawn, and as there consequently was a verdict on it, the defendant must be taken to have had all the benefit from it of which it was susceptible. Why should it be supposed to have been withdrawn, when the defendant's right to recover on it could not be affected by any failure of the plaintiff's cause of action? The difference betwixt the two cases is, that in ours, a particular finding on one of the pleas would not have superseded the necessity of a finding on the other—a difference which certainly makes it not the weaker one. On the contrary, the jury were bound by the words of the statute to determine the cross demand independently of the direct cause of action, with which it had no other connection than as a subject of defalcation, should that become necessary, in order to strike a balance for the successful party. In Lewis *v.* Culbertson, 11 *Serg. & Rawle* 59, it was deemed erroneous to reject evidence of set-off merely because the direct demand had not been maintained; and it was even doubted whether the plaintiff could have discontinued. In legal contemplation, then, a verdict in general terms for the defendant, embraces all his pleas. The British statute does not put the defendant in the attitude of an assailant, and the practice under it is consequently different, but less beneficial. Where the defendant makes default after plea or notice of set-off, it is the practice of the courts at Westminster to take a verdict for what the plaintiff has proved to be his demand, but subject to reduction by subsequent settlement; or to take a verdict for the smaller sum, with an endorsement on the *postea* to ground a stay of proceedings in any action afterwards brought for the same demand. Lang *v.* Chatham, 1 *Camp.* 252. In our own courts, an omission to give evidence of a set-off would be considered as a retraction of the notice; but where the defendant follows up his notice with evidence at the trial, he is concluded by the verdict, there and here. But the residue of a set-off not exhausted in extinguishing the opposite demand, not being recoverable, as with us, by the same jury, is, by the British practice, reserved for recovery by future action or defalcation; here, it must be all disposed of at one operation. Being virtually a cross action for an entire demand, it must be prosecuted for the whole, if at all; and where there is nothing to show that it was withdrawn, the defendant is precluded from reasserting it, on the principle of Markham *v.* Middleton, 2 *Stra.* 1259, on which a finding of nominal damages on a judgment by default, would have concluded the plaintiff, had not the inquisition been set aside. The

[Good v. Good.]

difference betwixt that case and this, is that even nominal damages were not assessed for the defendant on his plea and notice. But as the jury certainly passed on something, it is as reasonable to suppose they decided the cause on the one issue as on the other, and that they sustained the bond in the first instance, holding *it to be satis-fied* by the set-off, and no more. As to what was properly cross demand, therefore, the defendant was concluded; but we must be careful to distinguish it from what was properly failure of conside-ration. As a ground of demand, the one is legal and independent of the plaintiff's cause of action: the other is equitable, inherent in all the securities founded on the same consideration, and therefore applicable to successive actions on any of them, till the defendant is compensated by defalcation to the extent of the loss. In this in-stance, the plaintiff claimed the promise of his erbschaft, as the Germans have it, compensation for personal services, and damages for a breach of a covenant that a particular estate of dower in the land had been released; these were subjects of cross demand, and they were settled in the previous action, at what they were worth. But for failure of consideration, the defendant is entitled, on the whole, to a deduction equal to the average value of the acres lost, determined by the price originally stipulated, if the sale was fair; or, according to King *v.* Pyle, 8 *Serg. & Rawle,* to its actual value in relation to the residue, if the sale was foul; and he is entitled to an allowance, in this action, *for any part of it which has not been* allowed him before. But it follows not that a false recital, which is often the work of the scrivener, is evidence of actual fraud, with-out which the stipulated price is the standard value of the compen-sation. If such a recital amounts to any thing, it is a covenant; and it will not be pretended that a broken covenant is evidence of fraud in the concoction of the bargain. The vendor takes the risk of the fact, and the vendee relies on his security; but neither is misled, and if the legal conclusion were otherwise, it would confound all distinction on the subject, for the price paid could never be the mea-sure of damages for the breach of a covenant of title. On the evi-dence given, the questions of set-off and fraud ought not to have been submitted.

Judgment reversed, and a *venire facias de novo* awarded.