## Jennings *versus* Hare.

1. Set off being in the nature of a cross action, the entire claim must be prosecuted in the action in which it is set up; where the set off exceeds the demand, it cannot be used merely pro tanto, but a certificate will be found in defendant's favor, the judgment upon which is thereafter the measure of the plaintiff's liability.

2. In such case the result is the same as if the defendant had first brought his action, in which the plaintiff had set off his claim, and the former had recovered judgment for the excess due him.

3. A judgment in replevin, in which a property bond had been given, was set off by the defendant in an action of assumpsit, brought for the value of the goods declared for in the replevin, and the jury certified a balance due defendant, on which judgment was entered.  In a subsequent action, brought by the sheriff, to use, on the property bond, in which the above facts were specially pleaded in bar, and the plea was demurred to: *Held*,

(1) That the claim on the property bond was *not* extinguished so as to bar the action thereon.

(2) That the subsequent judgment being the measure of liability, the court below rightly entered judgment for plaintiff, against the principal and sureties on the bond, for the penal sum thereof, to be released on payment of the amount of the certificate with interest.

(3) That the sureties, on payment of said sum, would be entitled to have the judgment marked to their use as against the principal.

[Jennings *v.* Hare.]

November 2d 1883. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county:* Of October Term 1883, No. 155.

Debt, on a joint and several property bond in replevin, by John H. Hare, sheriff, for use of James McKay, against John Jennings, Israel Painter and Alfred Patterson, said Painter and Patterson being sureties of Jennings. The death of Painter being suggested, his administrators c. t. a. were substituted on the record, and a scire facias was duly served on them.

Plea, payment with leave, and a special plea setting forth the following facts : that in 1874, McKay brought an action of replevin in Allegheny county, against Jennings, for 119 barrels of whiskey. Jennings gave a property bond (the one in suit) with Painter and Patterson as sureties. Judgment was obtained in this replevin suit against Jennings, for $14,477.29, (the case was reported sub nom. Jennings *v.* McKay, 4 W. N. C. 421). An exemplification of the record of this suit was entered in Westmoreland county, as of November Term 1877, and the judgment so entered was revived, as of November Term 1882, for the sum of $20,277.75.

On November 20th 1877, Jennings brought an action of assumpsit in Westmoreland county, against McKay, to recover the price of the whiskey which had been the subject of the replevin suit, and the same came on for trial February 15th 1883. At the trial, McKay, under his plea of set-off, offered in evidence the above mentioned judgment of November Term 1882, which offer was admitted by the court, and the jury certified a balance in McKay's favor of $1,186.03, and judgment was duly entered on the certificate. The plea averred that McKay having voluntarily set off said judgment against the demand of Jennings, and having claimed and received a certificate in his favor, the judgment so set off was fully paid and satisfied, and that therefore no suit could be maintained on the property bond.

Plaintiff demurred to the special plea, and the court, in an opinion by EWING, P. J., sustained the demurrer and entered judgment against the defendants, Jennings and Painter's administrators, for the penalty of the bond, to be released on payment of $1,186.03, the amount of the certificate, with interest from February 15th 1883, the date at which the certificate was rendered.

The defendants thereon took this writ of error, assigning for error the entry of judgment for the plaintiff on the demurrer.

*Morehead* (with whom were *Head* and *John F. Wentling*,

[Jennings v. Hare.]

for Painter's administrators, sureties, and *H. W. Weir*, for Jennings, principal in the bond), for the plaintiffs in error.—McKay, by entering the plea of set-off in the action of assumpsit, and giving in evidence thereunder his judgment, became an actor in said suit, just as though he had brought an independent suit on his judgment; he proceeded to verdict and judgment; therefore his set-off, or cause of action, viz., the judgment against Jennings, became merged in the judgment entered on the verdict in said action of assumpsit, and he is estopped by said verdict and judgment from afterwards maintaining another action on the judgment which he had already set off in one action. If he could not, by reason of the verdict and judgment in the action of assumpsit, maintain another suit directly on his judgment, he cannot now maintain this action on the bond, because this action depends on the judgment for its force and vitality, and is substantially, although indirectly, another suit on the judgment. We rely on Good *v*. Good, 9 Watts 567; McGuinty *v*. Herrick, 5 Wend. 240; Case *v*. Wilder, 16 Wend. 583.

It is not contended that the recovery of a new judgment in the action of debt would be an absolute payment of the debt evidenced by the old; but it is contended that such a proceeding would merge the original judgment in the new one, and would thereafter preclude and estop the plaintiff from maintaining any suit or legal process upon the original judgment so merged: Ives *v*. Goddard, 1 Hilton 434. Upon the merits of the case the equities are all with the sureties, plaintiffs in error. McKay bought a lot of whiskey which he never got; but he never paid for it. He has already discharged the debt he owed for the price of the whiskey, without cost to himself, and has a judgment against Jennings for almost $1,200 besides.

*Fitzsimmons* (with whom was *Robb*), for the defendant in error.—A merger could not ensue on the finding of the certificate by the jury unless the new security, viz., the certificate of the jury, was of a higher nature than the old security: Jones *v*. Johnson, 3 W. & S. 278. It is not pretended that the certificate of the jury was higher, or even new security, for the debt or difference due McKay on the settlement of the whiskey transaction with Jennings. Nor was this judgment satisfied by satisfaction of the debt. This is a question of intention, and the burden of proof is on the defendant: Jones *v*. Johnson, supra; Cro. Car. 85; Moore 872; Cro. Eliz. 716; Ligget *v*. Bank of Pennsylvania, 7 S. & R. 218; Wolf *v*. Wyeth, 11 S. & R. 152; Drake *v*. Mitchell, 3 East 259. The bond, given in the action in replevin by John Jennings to the sheriff, was collateral security for the payment of the judgment in replevin. James McKay

became entitled to the same when the verdict in the replevin was in his favor. He could enforce the payment of the said bond to the amount of his verdict, against the sureties, as well as John Jennings. He could enforce his judgment in replevin against John Jennings. The singular objection is made in the case that McKay cannot compel the sureties on the replevin bond to pay the amount due thereon, because the jury in another case between him and his debtor resulted in a certificate in his favor. A creditor is entitled to the benefit of any security he may hold as collateral until the debt is paid : Ayres *v.* Wattson, 7 P. F. Smith 364.

Mr. Justice GORDON delivered the opinion of the court, November 12th 1883.

In the case of Good *v.* Good, 9 Watts 567, Chief Justice GIBSON, in speaking of the difference in the practice under the British statute of defalcation and our own, says, that where the defendant, on the trial of the case, follows up his notice of set-off with the requisite proof to sustain it, as well in the courts of Westminster, as here, he is concluded by the verdict. But that the residue of a set off, not exhausted in extinguishing the opposite demand, not being recoverable, as with us, by the same jury, is by the British practice, reserved for recovery by a future action, or defalcation, whilst under our statute it must all be disposed of at one operation. He goes on further to say, that the introduction of the set off, being virtually a cross action for an entire demand, it must be prosecuted for the whole amount, if at all. The legal principle here asserted renders the solution of the case in hand easy. Under the British statute, McKay could have used his judgment against the claim of Jennings only in the way of set-off and the balance, after the extinguishment of that claim, would remain, as before, part of the judgment. But in the case thus put, there is no doubt as to the status of the surety in the replevin bond ; he would still be held for this balance. On the other hand, under our statute, the cross demand cannot be used merely as a set off pro tanto, but its assertion is in the nature of a cross action, in which the defendant becomes the actor. And herein is found the mistake of the defendants. They treat the certified balance in McKay's favor as something wholly foreign to the judgment used as a set off, and as having no connection with it. But they seem to forget the fact that it results directly from the prosecution of that judgment in the way of a cross suit, and that, as to this balance, the case stands no longer Jennings *v.* McKay, but McKay *v.* Jennings, and that no change has been worked upon the replevin judgment save that of diminution. This certificate is, therefore, not less part of the original transaction, than if

[Tuigg *v.* Treacy.]

McKay had brought an action of debt or scire facias on his judgment, and Jennings, admitting, for the sake of illustration, his right so to do, had interposed his demand by way of defalcation. The result would have been exactly what it now is, a judgment in favor of McKay for the balance. Nor is there any force in the argument that the replevin judgment is merged in the certified balance, for this results in the one case as well as in the other. In either, the original judgment is merged in the subsequent one; in either, the latter measures the liability of Jennings and his surety, and it is the one from which alone the subsequent process must issue. Thus, judgment results from the very same claim, and the difference is found only in the process by which it has been obtained.

We cannot see, therefore, that there was even a technicality in the way of the result reached in the court below. Neither have the representatives of Painter, the surety, any equitable standing to defend against the balance of the replevin judgment as claimed in this suit, for not only have they been relieved to the amount of the set off, some $19,000, but their rights as against the principal in the bond have not been in any degree abridged. On payment of the judgment, now had against them, they still have the right, as to Jennings, to have it marked to their use, and they may have process upon it as upon the original judgment.

Such, then, being the case of the defendants, we cannot see how, on either legal or equitable grounds, they can demand a reversal of this judgment.

Judgment affirmed.