## George W. Reiter *v.* James McJunkin, Appellant.

*Statute of limitations—Adverse possession—Boundary fence.*

The maintenance of a line fence between owners of adjoining lands up to which each claims and occupies, is a concession by each owner of the open, adverse possession by the other of that which is on his side of such division fence, which, after twenty-one years will give title, though subsequent surveys may show that the fence was not exactly upon the survey line.

In an action of ejectment to recover a narrow strip of land along a boundary line where there is evidence that a division fence had been maintained by plaintiff and defendant for more than twenty-one years, it is error to restrict the jury merely to the question of the location of the original line between the lands as shown by the early surveys. The jury should be directed to inquire in the first place whether the owners of the land on both sides of the fence line had not in effect agreed upon its location, built their division fence accordingly, and held and occupied respectively up to the fence as their common boundary for more than twenty-one years before the bringing of the suit. If this fact is found for the defendant, he is entitled to a verdict regardless of the true location of the warrant line.

Argued Nov. 2, 1895. Appeal No. 198, Oct. T., 1895, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1894, No. 514, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Ejectment for a narrow strip of land along the boundary line between plaintiff's and defendant's farm in Plum township. Before PORTER, J.

At the trial defendant claimed title by adverse possession for over twenty-one years. There was evidence tending to

show that a fence had been maintained as a division or line fence between the farms for more than half a century, and that each owner had claimed up to this fence without the slightest objection on the part of the other.

The court charged in part as follows :　　.

[The counsel for defendant has requested the court orally to instruct you touching the effect of the building of that fence by Mr. Grubbs and the location of the line by Mr. Logan, Mr. Logan for McJunkin, and Mr. Carpenter for Mr. Grubbs. We would say to you, gentlemen, that, if the parties had agreed, with full knowledge of their rights, upon a line, and had established one, that would be binding, if there had been a dispute ; but we do not think that the evidence would be sufficient in this case to justify you in finding that these parties did agree to thus settle a line which was then in dispute between them. It was the building of a fence along the side of a road, and the mere fact that a man does not include all of his land does not amount to an abandonment of his title to that land if he has title ; to enable any person to obtain title to the land which he has thus failed to include within his fences, that person must exercise such acts of adverse and hostile possession as would give him title under the statute of limitations.] [6]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned*, among others, were (1) in refusing to ·allow the jury to pass upon any question except that of the location of the original patent line between the farms of plaintiff· and defendant; (5) portion of charge as above, quoting it.

*J. McF. Carpenter*, for appellant.—When the owners of adjoining land have acquiesced in the location of a division line between their lands for a length of time equal at least to ·the length of time prescribed by statute of limitations to bar a right. of entry, they are thereafter precluded from saying it is not the true line, although it may not be the true line according to the call of their deeds : Sneed v. Osborn, 25 Cal. 619 ; McCormack v. Barmun, 10 Wend. 105 ; Jackson v. Widger, 7 Cowen, 723 ; Dibble v. Rogers, 13 Wend. 536 ; Hagey v. Detweiler, 35 Pa. 409.

*Jacob H. Miller*, *Archibald McBride* with him, for appellee.—
An owner is not bound to set his fence on, instead of within, his
line: Potts v. Everhart, 26 Pa. 493.

OPINION BY MR. JUSTICE WILLIAMS, January 6, 1896:

This is a controversy between neighbors over a very narrow
strip of land lying along the boundary line between them.
Their farms are on adjoining warrants. The elder of these was
located in 1773 by an ancestor of the defendant, and the title
to the farm on which he now resides has been in the descend-
ants of the warrantee continuously from the time of its original
location to the present. The warrant on which the plaintiff's
farm is, was located about 1790 as an adjoiner of the elder
warrant, and the line as run in 1773 became thereby the bound-
ary of the younger warrant. There was evidence tending to
show that for more than half a century both farms had been con-
tinuously occupied by their respective owners, and that a fence
had been maintained as a division or line fence between them,
up to which each had claimed and occupied without the slight-
est objection on the part of the other. The line of the fence
which extended along most of the common boundary was in-
tended, and assumed, to be upon the warrant line, and the
improvements along it had been made to conform to it on both
sides. In 1890 the plaintiff acquired his title to the farm lying
within the younger warrant. The fences along the line were
then standing as they had stood for many years before; but he
conceived the idea that they were not, as to the part of the line
involved in this litigation, standing on the exact site of the line
of 1773, and this action of ejectment was brought for the avowed
purpose of compelling the removal of the fence to what he
regarded as the true line of the original warrant survey. The
case was tried in the court below as depending on the answer
to the question, Where was the line of 1773 actually run? The
assignments of error complain of this mode of trial, and of the
refusal of the court below to submit to the jury the question
whether the owners of these farms had not by their treatment
of the line fences established for themselves the location of the
line? The maintenance of a line fence between owners of
adjoining lands by their acts, up to which each claims and occu-
pies, is a concession by each of the open adverse possession by

the other of that which is on his side of such division fence, which, after twenty-one years, will give title, though subsequent surveys may show that the fence was not exactly upon the surveyed line.    There was evidence given by both the parties upon which the defendant was justified in asking the submission of this question to the jury; and if the fact had been found to be that a division fence had been maintained by the owners of these farms for more than twenty-one years before this suit was brought, which had been built and maintained as a line fence, extending over that part of the line now in controversy, we think the verdict should have been in favor of the defendant. The value of such a fence does not rest upon the acts of him. who alleges its existence merely but upon its recognition and maintainance by the owners of the farms which it separates, as the line between them.    After twenty-one years of occupancy up to a fence on each side, as a line fence, it is not material to inquire whether the fence is on the right line or not: Brown v. McKinney, 9 Watts, 567.    If this question had been submitted to the jury and they had found against the defendant upon it, then it would have become the duty of the jury to inquire into the exact location of the warrant line established in 1773, and to have adopted it as the boundary line between these farms. But they should have been directed to inquire in the first place whether the owners of the land on both sides of this line had not in effect agreed upon its location, built their division fence accordingly, and held and occupied respectively up to the fence as their common boundary for more than twenty-one years before this suit was brought.    If this fact had been found for the defendant he was entitled to a verdict regardless of the true location of the warrant line.

The judgment is reversed for the reason now stated and a venire facias de novo is awarded.