# Miles, Appellant, *v.* The Pennsylvania Coal Company.

*Real property—Boundary lines—Fences — Consentable lines—Adverse possession.*

1. Occupation of land up to a fence on each side by adjoining property owners, for more than twenty-one years, where each party claims the land on his side as his own, gives to each party an incontestable right up to the fence, whether the fence is on the line established by the original survey or not.

2. Where in an action of ejectment for the recovery of certain land occupied by defendant, and separated from plaintiff's land by a fence, both parties claimed that the land was included in patents from the Commonwealth to their respective predecessors in title, and evidence of convincing weight was introduced on behalf of the defendant, tending to show that for more than twenty-one years the existing boundary line had been marked by fences, which had been maintained or acquiesced in by the respective adjoining owners, a judgment on a verdict for defendant was justified by the evidence, and was affirmed.

Argued Feb. 24, 1914. Appeal, No. 334, Jan. T., 1913, by plaintiffs, from judgment of C. P. Lackawanna Co., Jan. T., 1913, No. 557, on verdict for defendant in case of William Miles, Caroline E. Miles, Caroline A. James, Ada E. Carter, Heirs and Administrators of the Estate of William Miles, Deceased, Caroline A. James, Administratrix of the Estate of W. A. James, Deceased, and William Repp v. Pennsylvania Coal Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCH-ZISKER, JJ. Affirmed.

Ejectment for the recovery of land in Lackawanna County. Before SEARLE, P. J.

From the record it appeared that both parties claimed that the land in dispute was included in patents from the Commonwealth to their respective predecessors in title. Other facts appear in the opinion of the Supreme Court.

Verdict for defendant and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and various instructions to the jury.

*S. B. Price,* with him *C. B. Price* and *J. H. Price,* for appellant.

*H. A. Knapp,* of *Warren, Knapp, O'Malley & Hill,* and *John P. Kelly,* of *O'Brien & Kelly,* for appellees.

OPINION BY MR. JUSTICE ELKIN, April 20, 1914:

The numerous assignments of error in this case raise many interesting questions of law, but as we view the record a discussion of a very few of the legal positions pressed upon us by learned counsel will suffice to dispose of the present controversy. We will not therefore undertake to follow the printed argument by discussing the specifications of error separately. It must be conceded on all sides, indeed it is conceded, that if a consentable line marked on the ground was recognized and acquiesced in by the adjoining landowners since 1868, a permanent boundary was established, and with that boundary line thus fixed there is no basis for the contention made by appellants here. In the light of our own cases no one can seriously question this settled rule of law. As far back as Brown v. McKinney, 9 Watts 565-567, this court said: "It cannot be disputed that an occupation up to a fence on each side by a party or two parties for more than twenty-one years, each party claiming the land on his side as his own, gives to each an incontestable right up to the fence, and equally whether the fence is precisely on the right line or not." Our courts have always favored the settlement of disputes of this character by recognizing consentable lines established by the parties themselves, and this without regard to whether the line agreed upon conforms to the

exact courses, distances and bounds of the original surveys. This rule applies with convincing force to the facts of the case at bar. In the original surveys there was a large amount of surplus land, most of which was included within the boundaries of the tract held by appellants, when the consentable line was marked on the ground. They are not in position to say that they were overreached in the division of the surplus land when the line between the two tracts were marked on the ground in 1868. So far as the division of the surplus land between the two adjoining tracts is concerned, the equities are with the appellee, but aside from this, and without reference to the division of the surplus land, the fact is that a line was marked on the ground at that time, and the evidence shows that it has been maintained, to some extent at least, and acquiesced in by the interested parties from that time to the present. Appellants undertook to discredit the line established in 1868 and to show that it had not been marked and recognized in such a way as to make it binding on the parties. The convincing weight of the evidence is against the contention of appellants, but the most favorable view that could be taken of the facts as disclosed by the record is that the marking of the line in 1868, the maintenance of fences, and the acquiescence of the adjoining landowners in the line thus established, were questions for the jury and they were so submitted. In our opinion the evidence is absolutely convincing that this consentable line was established in 1868 and that it has been recognized and acquiesced in by all interested parties until within a very recent period, when appellants undertook to disregard it. The jury must have so found, because to have done otherwise would have been to ignore the established facts.

Then, again, the case is just as clearly against appellants on the questions of adverse possession. It has long been settled in Pennsylvania that a person in possession by a fence as his line for more than twenty-one years, establishes his right to claim title to the line thus

marked: Brown v. McKinney, 9 Watts 565, 567; Reiter v. McJunkin, 173 Pa. 82.

It is not disputed that the appellee holds the title to the Hooker Smith tract, and the only question that could arise is the location of the line in controversy. No matter what doubt may have existed as to the original location of this line, the adjoining landowners consented to the line marked on the ground in 1868 and have acquiesced in that consentable line ever since. Most of the questions raised by this appeal relate to other matters, and the rulings of the court about which complaint is made, have no direct bearing upon the controlling issues in the case.

No benefit would result to anyone by elaborating the discussion of questions which for the purposes of the present can only be considered academic. The consentable line marked on the ground in 1868, and the adverse possession which followed for a period of forty-three years, are sufficient to establish the title of appellee to the land in dispute, and all other matters which appellants sought to have considered at the trial may be disregarded as immaterial and irrelevant to the issue under the facts.

Judgment affirmed.