DiVirgilio *v.* Ettore et al., Appellants.

Argued December 15, 1958.    Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Philip Richman,* for appellants.

*Martin Silvert,* for appellees.

OPINION BY WRIGHT, J., March 18, 1959:

Owners of dwellings fronting on the east side of 51st Street in the City of Philadelphia, between Kershaw Avenue on the north and Thompson Street on the south, filed a complaint in equity against owners of dwellings fronting on the west side of Farson Street seeking to enjoin alleged encroachments upon a three foot alley separating their respective properties at the rear thereof.  An answer was filed with counterclaim, to which

a reply was filed. Following a hearing on March 14, 1957, both sides filed requests for findings of fact and conclusions of law. On February 3, 1958 the chancellor filed his adjudication, with decree nisi directing "that defendants move their fences back to their former line". On May 13, 1958, exceptions to the adjudication were dismissed, and the nisi decree was made final. These appeals followed. The contentions of the parties and the legal issues involved are set forth in the following excerpt from the adjudication:

"The complaint alleges that the plaintiffs are the respective owners of premises 1319, 1321 and 1323 North 51st Street, Philadelphia, and that the defendants are the respective owners of premises 1318 and 1320 North Farson Street, located immediately to the rear of plaintiffs' properties. It is further stated that all the above properties formerly were part of a single tract of ground bounded on the west by 51st Street, on the east by Farson Street, on the north by Kershaw Street, and on the south by Thompson Street; that this tract was divided into several parcels with a three foot wide alley running north and south from Kershaw Street to Thompson Street separating those premises fronting on 51st Street from those fronting on Farson Street; and that this alley has been used as a passageway and watercourse by the residents of these parcels for more than twenty-one years and that they have an easement to so use it. The complaint then alleges that in June of 1956, defendants moved the fences at the rear of their properties approximately eighteen inches into the alley, thereby interfering with the plaintiffs' use of the alley as a passageway and watercourse. Plaintiffs pray for a decree ordering the removal of these fences.

"In their answer, defendants admit . . . the existence of the alley but deny that their fences encroach

upon it. By way of defense, they aver that their fences are located on the boundary lines of their lots as set forth in the city plan and determined by the official city surveyor. The answer also denies that plaintiffs have acquired an easement over defendants' properties. Instead, defendants contend that it is plaintiffs' fences that are illegally encroaching upon the alley, and they counterclaim for a decree ordering that these fences be removed.

"In their reply, plaintiffs contend that their fences follow the line of the alley as it was originally laid out. They therefore deny that their fences illegally encroach upon the alley.

"Since it is not denied that defendants' fences follow the boundary line set forth in their deeds and in the official city plan, the issues presented are whether or not plaintiffs have acquired title by adverse possession to the area which they have enclosed and a prescriptive easement over defendants' properties to the extent represented by the lines of the previous fences".

Our examination of the original record discloses that the descriptions in all of the deeds expressly set forth that the properties in question extend back to a three-foot alley between Kershaw Avenue and Thompson Street, "Together with the free and common use, right, liberty and privilege of the aforesaid alley as a passageway and watercourse at all times hereafter forever". The chancellor found the controlling facts in favor of appellees.[1] As pointed out in his discussion: "This dis-

---

[1] "9. The aforesaid alley, for a period in excess of twenty-one years prior to the institution of this action, did not follow the rear boundary lines of the above mentioned premises. Instead, it proceeded in a southeasterly direction and encroached on property within the boundary lines set forth in defendants' deeds.

"10. For a period of more than twenty-one years plaintiffs and their predecessors in title have enclosed part of the area immedi-

pute has arisen because the alley, as it existed prior to June of 1956, did not follow the lines designated for it in the various deeds. Instead, at the point where it abutted plaintiffs' and defendants' properties, it was approximately eighteen inches to the east of where it should have been. Defendants now wish to extend their fences back to their original boundary line and, in addition, seek to restrain plaintiffs from enclosing any of the area originally designated for the alley. Plaintiffs claim title by adverse possession to the area they have enclosed and a prescriptive easement up to the line represented by defendants' former fences".

The sole contention of present counsel for appellants is that appellees failed to establish an easement by prescription because there was no proof of continued user. He cites *Jones v. Crow*, 32 Pa. 398, *Conn v. Pa. R. R. Co.*, 288 Pa. 494, 136 A. 779, and *Shinn v. Rosenberger*, 347 Pa. 504, 32 A. 2d 747. We do not question the legal principles set forth in those cases, but they do not control the instant factual situation. It is well settled that fences may be recognized by respective property owners as consentable boundary lines: *Lenihan v. Davis*, 152 Pa. Superior Ct. 47, 31 A. 2d 434; *Adams v. Tamaqua Underwear Co.*, 105 Pa. Superior Ct. 339, 161 A. 416; *Miles v. Pennsylvania Coal*

ately to the rear of their properties which originally was designated for the alley.

"11. For a period of more than twenty-one years plaintiffs and their predecessors in title have used the alley as thus constructed as a passageway and watercourse . . .

"13. During the month of June, 1956, defendants constructed fences on the rear boundary lines of their properties as these are set forth in their deeds. These fences encroached approximately eighteen inches into the aforesaid alley.

"14. The fences recently constructed by the defendants · seriously interfere with plaintiffs' use of the alley as a passageway and watercourse".

*Co.,* 245 Pa. 94, 91 A. 211; *Reiter v. McJunkin,* 173 Pa. 82, 33 A. 1012. Courses and distances in deeds must give way to monuments found upon the ground or supplied by proof of their former existence: *Will v. Piper,* 184 Pa. Superior Ct. 313, 134 A. 2d 41; *Merlino v. Eannotti,* 177 Pa. Superior Ct. 307, 110 A. 2d 783; *Ross v. Golden,* 344 Pa. 487, 25 A. 2d 700. The location of boundary lines[2] is a question for the trier of fact, and a finding in that regard made by a chancellor in an equity case has the same effect as a jury verdict: *Guerra v. Galatic,* 185 Pa. Superior Ct. 385, 137 A. 2d 866. Where one uses an easement whenever he sees fit, without asking leave and without objection, the use is adverse, and by such an uninterrupted adverse enjoyment for twenty-one years the user acquires title by prescription: *Klavon v. Tindall,* 180 Pa. Superior Ct. 408, 119 A. 2d 554. See also *Predwitch v. Chrobak,* 186 Pa. Superior Ct. 601, 142 A. 2d 388.

Decree affirmed.

---

[2] "The Court: . . . The question is the lines of the alley. That is the only issue in this case. Mr. Levintow [appellees' trial counsel] . That is right".