## Dimura, Appellant, *v.* Williams.

Argued November 9, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard M. Goldberg,* with him *Hourigan, Kluger & Spohrer,* for appellant.

*James Hiscox,* for appellees.

Opinion by Mr. Justice O'Brien, January 20, 1972:

This case concerns title to a 3 feet by 50 feet parcel of rocky, uncultivatable land located on the border between the City of Wilkes-Barre and the Township of Hanover, Pennsylvania. The parcel is located on appellant's side of an old fence, which formerly stood on the parcel, and when joined with other fences, formed a continuous straight line along the Wilkes-Barre-Hanover Township border.

However, the parcel is on appellees' side of a newer cyclone fence, which appellees had constructed in the year 1964, in accordance with a survey which they had made of their land, which indicated that the 150-square-foot parcel was actually included in the description contained in their deed.

Appellant, claiming that the parcel in question was hers by adverse possession, brought an action in equity to require appellees to remove their new fence, which she alleged was encroaching on her territory, and to replace the fence which had previously stood there. With both parties exercising their territorial imperatives, the case went to trial, and the chancellor ruled

in favor of appellees, holding that appellant had not proved that the parcel in question was hers by adverse possession.

Appellant filed exceptions to the decree nisi, but those exceptions were dismissed by the court en banc, and the decree nisi was entered as a final decree. This appeal followed.

The court, relying upon our decision in *Robin v. Brown,* 308 Pa. 123, 162 Atl. 168 (1932), at page 130, where we held that "A fence which has the appearance of being neglected and abandoned . . . falls short of supporting an aggressive assertion of adverse ownership of the land within its lines," emphasized that the old fence was described as "old and tottering" by one of appellant's own witnesses.

Appellant emphasizes, however, that this same witness also testified that "they were old fences and every time they would start to fall they would be repaired and . . . it was a fence."

Considering the length of time that the fences were testified to have been in existence, it would be expected that the fences would need constant repair, and if the part of the fence torn down by appellees is anything like the remaining parts of the fence line, as was testified at trial, then the court erred in holding that such a fence was insufficient as a basis for a claim of adverse possession.

Moreover, the court's decision was also based on an erroneous application of law. While it is true that a fence must be substantial if the *enclosure* of land by such a fence is relied upon to sustain a claim of adverse possession, *Robin v. Brown, supra,* the law is different if a long-standing fence is relied upon for the establishment of a boundary between two adjacent parcels of land. In such circumstances, as we said in our opinion in *Miles v. Penna. Coal Co.,* 245 Pa. 94, 91 Atl.

211 (1914), quoting *Brown v. McKinney,* 9 Watts 565, 567 : " 'It cannot be disputed that an occupation up to a fence on each side by a party or two parties for more than twenty-one years, each party claiming the land on his side as his own, gives to each an incontestable right up to the fence, and equally whether the fence is precisely on the right line or not.' Our courts have always favored the settlement of disputes of this character by recognizing consentable lines established by the parties themselves, and this without regard to whether the line agreed upon conforms to the exact courses, distances and bounds of the original surveys."

The line formed by the fence in question and the other fences which connected with it on the northeast side of appellant's property has long been recognized as the boundary line between appellant's property and the parcels owned by her neighbors fronting on Gilligan Street, Wilkes-Barre, including the one owned by appellees. The fact that appellees may not have consented specifically to the fence in question does not require a different result in light of the policy enunciated in *Miles.*

Decree reversed and case remanded for the entry of a decree for appellant in accordance with the prayer of the complaint. Costs to be borne by appellees.

Former Mr. Chief Justice BELL and former Mr. Justice BARBIERI took no part in the consideration or decision of this case.