## Hanas v. Duda

*John Eppinger,* for plaintiffs.
*Warren Beatty,* for defendants.

McCLELLAND, *J.,* September 14, 1981—The instant case is a dispute between neighboring land-owners over a certain irregularly-shaped piece of property.

Plaintiffs instituted the suit as an action in ejectment and defendants have defended on the alternative grounds that (1) they are the title owners of the property, or (2) they own the property by virtue of adverse possession.

The court's findings of fact and conclusions of law are best stated in narrative form:

We can dispose of defendants' first claim with little discussion. Admittedly, defendants have produced a deed purporting to convey the land in question from Anna R. Fremont to Joseph and Agnes

Duda, defendants. However, Anna Fremont cannot convey that which she does not own and an examination of the deeds contained in the Record of Deed's Office of Erie County, Pa. reveals that Anna Fremont never had record title to the land in question.

Additionally, defendants' own surveyor, Henry Welka, testified that plaintiffs' deed places the disputed property properly with plaintiff's chain of title.

Thus, if defendants have any claim to the property, it is by virtue of adverse possession or consentable boundary as established by an ancient fence.

The record indicates that plaintiffs have resided on their property since 1942 although Mrs. Hanas resided on the land with her parents since 1931. Defendants have occupied their property since 1913. The disputed property lies between the parcels presently occupied by plaintiffs and defendants respectively. The topography of the disputed parcel is sloping and somewhat swampy and contains the remains of an ancient wire woven fence tacked to posts and trees. It is this fence which defendants claim marks the boundary of their property.

Testimony establishes that this ancient fence has been on the property as long as the parties can remember. The testimony also establishes that this fence "wandered," i.e. that its position changed as the fence was repaired because it was neccessary to tack it to different trees or to new stakes which were not always placed in their original position.

Since the land in question was never actually occupied, defendants must establish adverse possession by establishing an inclosure sufficient to alert the legitimate owner of his claim to the land,

Boderocco v. Erie Cemetery, 22 Erie 265 (1940). Neither sporadic entry onto the land not actually occupied nor sporadic use of that land will support a claim for adverse possession: Parks v. Pennsylvania R.R. Co., 301 Pa. 475, 152 Atl. 682 (1930).

There is no evidence to establish who constructed the original fence so that the existence of that line, without more, is also insufficient to sustain defendants' claim: Inn Le'Daerda, Inc. v. Davis, 241 Pa. Superior Ct. 150, 360 A. 2d 209 (1976). Defendants have not met their burden of proving that they maintained the fence for a period in excess of 21 years or even that the fence was substantial enough to support a claim of adverse possession by inclosure; nor have they established plaintiffs' acquiescence in the fence as a boundary demarcation for the requisite period of years: Inn Le'Daerda, Inc. v. Davis, supra at 161; Dimura v. Williams, 446 Pa. 316, 286 A. 2d 370 (1972).

Finally, we address defendants' claim that the fence in question constituted a consentable boundary. The finding of a consentable boundary requires evidence of three elements: "(1) a dispute with regard to the location of a common boundary line, (2) the establishment of a line in compromise of the dispute, and (3) "the consent of both parties to that line and the giving up of their respective claims which are inconsistent therewith.'" Inn Le'Daerda, Inc. v. Davis, supra at 162, citing Newton v. Smith, 40 Pa. Superior Ct. 615, 616 (1909).

By defendants' own admission no dispute existed over the boundary in question until the present suit was initiated in 1976.

In short, plaintiffs have sustained their burden of proof in this ejectment action by producing evidence of good record title: Dunn v. Milanovich, 302 Pa. 184, 152 Atl. 757 (1930).

The burden then shifted to defendants who failed to prove superior title by adverse possession.

The court finds in favor of plaintiffs in this eject-ment action.