441 A.2d 391

**John C. BIGHAM and Dorothy Bigham**

v.

**Robert E. WENSCHHOF, Doris F. Wenschhof, Edward R. Wenschhof and Patricia Ann Wenschhof, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 23, 1981.

Filed Feb. 5, 1982.

148

Francis Worley, York Springs, for appellants.

Walton V. Davis, Gettysburg, for appellees.

Before BROSKY, McEWEN and BECK, JJ.

BROSKY, Judge:

This is an adverse possession case. In 1979 appellees John and Dorothy Bigham brought an action to quiet title to a tract of land to which they claim record ownership under deed dated February 28, 1973 and recorded in the Office of the Recorder of Deeds of Adams County, Pennsylvania. Appellants claim ownership of the disputed tract by adverse possession. The court below, sitting without a jury, found that appellees own the disputed tract by record title, and that appellants had not proved ownership by adverse possession. Appellants filed timely exceptions, which were dismissed. This appeal followed. We affirm.

At the outset, we note that the findings of a trial judge sitting without a jury carry the same weight as a jury verdict, *Denby v. North Side Carpet Cleaning Company*, 257 Pa.Super. 73, 390 A.2d 252 (1978), and that such findings will not be disturbed on appeal absent an error of law or abuse of discretion. *Estate of Shelly*, 484 Pa. 322, 399 A.2d 98 (1979).

At trial, appellee Bigham testified that the tract in question had been owned by his family for over a hundred years, and that he and his family had used it primarily for timber. Since inheriting it in 1957, Bigham testified, he had not made any use of the tract. He further testified that eight to ten years before the time of trial, he and his wife had stopped to see the property, and were told by a neighbor that someone had built a driveway on part of it, and a house trailer.

Appellant Robert Wenschhof argued that he had owned the tract in question since 1946. He testified that when he had purchased the land, he accompanied his survey-or, Pius Orner, who visually pointed out to him the extent of his property and indicated that the tract in question was

included within the boundaries of his property. As a result, he stated, he had always acted under the belief that the tract in question was his. Joseph Rife, registered surveyor, testified on appellant's behalf that he had examined the survey done by Pius Orner, and had re-surveyed the property. He stated that according to his survey, the disputed tract did belong to the Wenschhofs. The court below, however, found the testimony of appellees' surveyor, J. Riley Redding, to be more credible, and accordingly found that appellees own the disputed area by record title. It is well settled that our court must accept the findings of the court below with respect to the credibility of witnesses. *Commonwealth ex rel. Pruss v. Pruss*, 236 Pa.Super. 247, 344 A.2d 509 (1975). Accordingly, we will not disturb the lower court's findings with respect to record ownership of the tract, and will address only the issue of whether appellants have established ownership by adverse possession.

In support of his adverse possession claim, appellant Robert Wenschhof testified that since 1946, he had cut timber from the disputed tract; that since 1950, he had put up 'No Trespassing' notices during hunting season, along what he considered to be the boundary line of his property; that in approximately 1970, he had expanded an already-existing gravel driveway; that in 1974, he had installed a garden patch; and that in 1979, he had put up a shed.

Kathleen Shindledecker, appellants' daughter, testified that she had resided on part of the land for the past ten years, and that during that ten year period, her father had cut several trees in the garden area, constructed a shed, and placed a barbeque and sand pile on the tract in question.

In the recent case of *Flickinger v. Huston*, 291 Pa.Super. 4, 435 A.2d 190 (1981), we reiterated the burden of proof in adverse possession cases:

"It is well settled that he who asserts title by adverse possession must prove it affirmatively." *Robin v. Brown*, 308 Pa. 123, 129, 162 A. 161, 162 (1932). "[O]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years . . . Each

of these elements must exist, otherwise the possession will not confer title." *Conneaut Lake Park, Inc. v. Klingensmith*, 362 Pa. 592, 594–95, 66 A.2d 828, 829 (1949) (citations omitted), *See also Tioga Coal Co. v. Supermarkets General Corp.*, 289 Pa.Super. 344, 433 A.2d 483 (1981); *Smith v. Peterman*, 263 Pa.Super. 155, 397 A.2d 793 (1978); *Inn Le'Daerda, Inc. v. Davis*, 241 Pa.Super. 150, 360 A.2d 209 (1976). "An adverse possessor must intend to hold the land for himself, and that intention must be made manifest by his acts ... He must keep his flag flying and present a hostile front to all adverse pretensions." *Smith v. Peterman, supra*, 263 Pa.Super. at 161, 397 A.2d at 796 (quotations and citations omitted). In *Inn Le'Daerda, Inc. v. Davis, supra*, we noted that

> "[a] sporadic use of land, by one without title to it, will not operate to give him a title, no matter how often repeated ... It is true that residence is not necessary to make an adverse possession within the statute of limitation; the possession may be adverse by enclosing and cultivating the land ... but nothing short of an actual possession, permanently continued will take away from the owner the possession which the law attaches to the legal title; temporary acts on the land, without an intention to seat and occupy it for residence and cultivation or other permanent use consistent with the nature of the property, are not the actual possession required ... Such occupation must be exclusive, and of such a character as compels the real owner to take notice of the possession of the disseisor ..."

241 Pa.Super. at 159, 360 A.2d at 213 (quoting *Parks v. Pennsylvania Railroad Co.*, 301 Pa. 475, 481–82, 152 A. 682, 684 (1930) (citations omitted)). Thus, "only acts signifying permanent occupation of the land and done continuously for a twenty-one year period will confer adverse possession." *Smith v. Peterman, supra,* 263 Pa.Super., at 161, 397 A.2d at 796.

Id., 291 Pa.Super. at 8, 435 A.2d at 192.

■ Applying the above principles to the facts of the instant case, we hold that appellants have not shown owner-

ship by adverse possession. As the court below found, appellants' use of the land was not actual, continuous, exclusive, visible, notorious, distinct, and hostile for a twenty-one year period. The only continuous use by appellant for twenty-one years was that of cutting timber. The other uses, such as expanding the gravel driveway, did not occur until after 1970. As we stated in *Flickinger*, supra, "a sporadic use of land, by one without title to it, will not operate to give him a title, no matter how often repeated." *Flickinger v. Huston*, supra, 291 Pa.Super. at 8, 435 A.2d at 192.

Here, appellants' use of the tract in question was sporadic, and their acts did not signify *permanent* occupation. Since appellants have not proved all of the requisite elements of adverse possession, the order of the court below dismissing appellants' exceptions to the decree of July 18, 1980 must be affirmed.

Order affirmed.