537 A.2d 29

**Robert M. WITTIG and Jane Wittig, his wife, Appellants,**

v.

**Ralph CARLACCI and Anna Mae Carlacci, his wife, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1987.

Filed Feb. 4, 1988.

William R. Lee, Scranton, for appellants.

Walter T. Grabowski, Harrisburg, for appellees.

Before ROWLEY, WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

Because of a property line dispute, Robert M. Wittig and Jane Wittig, husband and wife, commenced an action in ejectment against their neighbors, Ralph and Anna Mae Carlacci. After trial without jury, the court, on December 5, 1986, found that the disputed strip of land was owned by the Carlaccis and dismissed the Wittigs' action. The Wittigs filed a motion for post-trial relief on December 23, 1986, but the motion, following argument, was denied, and judgment was entered on the adjudication of the trial court. This appeal followed by the Wittigs.

Initially, there is an issue which must be resolved regarding the timeliness of the Wittigs' motion for post-trial relief. Pa.R.C.P. 227.1(c)(2) requires that post-trial motions shall be filed within ten days after "notice of ... the filing of the decision or adjudication in the case of a trial without jury or equity trial." Pa.R.C.P. 1038(c) requires that notice of the

trial court's decision be given by the prothonotary;[1] and Pa.R.C.P. 236(b) requires the prothonotary to note in his docket the giving of such notice. Pursuant to these rules, the time for filing post-trial motions does not commence until such notice has been given and the date thereof recorded in the prothonotary's docket.

■ In the instant case, the trial court's adjudication was dated December 5, 1986. However, the prothonotary's docket fails to disclose that notice of the filing of the trial court's decision was ever given to appellants or their counsel. Under these circumstances, post-trial motions filed on December 23, 1986 were timely. See: *Ruh v. Ruh,* 268 Pa.Super. 82, 407 A.2d 447 (1979). See also: *Karpe v. Borough of Stroudsburg,* 290 Pa.Super. 559, 562 n. 2, 434 A.2d 1292, 1293 n. 2 (1981); *Brodsky v. Philadelphia Athletic Club,* 277 Pa.Super. 549, 554, 419 A.2d 1285, 1288 (1980); *State Farm Mutual Auto Ins. Co. v. Schultz,* 281 Pa.Super. 212, 214 n. 1, 421 A.2d 1224, 1225 n. 1 (1979). The trial court apparently recognized this, for its opinion states specifically that appellant's post-trial motions were filed timely. We find nothing in the record that would cause us to disagree.

■ The rule requiring that post-trial motions be filed within ten days after notice of filing is a procedural rule; it is not jurisdictional. A trial court has broad discretion to entertain untimely procedural motions. See: *Karpe v. Borough of Stroudsburg, supra; Brodsky v. Philadelphia Athletic Club, supra* 277 Pa.Super. at 553, 419 A.2d at 1287; *Plato v. City of Pittsburgh,* 71 Pa.Cmwlth. 463, 466 n. 2, 454 A.2d 1196, 1198 n. 2 (1983). See also: *S.N.T. Industries, Inc. v. Geanopulos,* 512 Pa. 330, 516 A.2d 705 (1986) and *S.N.T. Industries, Inc. v. Geanopulos,* 363 Pa. Super. 97, 99–100 n. 1, 525 A.2d 736, 737–738 n. 1 (1987) (Supreme Court reversed and remanded for consideration of merits where Superior Court had declined to consider merits of appeal, even though considered by trial court, because of

---

1. Pa.R.C.P. 1517(b) establishes a similar requirement with respect to adjudications in equity.

late filing of supplemental post-trial motions); *Gutman v. Rissinger,* 334 Pa.Super. 259, 482 A.2d 1324 (1984). In the instant case, the appellees neither objected nor alleged prejudice because of the date on which the post-trial motions were filed. As a result, the trial court could, as it did, consider the merits of the post-trial motions and thereby preserve such issues for appellate review.

Because the present appeal is properly before this Court, we undertake a review of the substantive issues raised by the appellants.

Grace Kile and her husband, now deceased, acquired title to a ten acre tract of land in Newton Township, Lackawanna County, in 1951. In 1952, the property was surveyed and subdivided. In 1956 or 1957, the Kiles built a fence between the land on which their residence was located and the adjoining land. In 1959, the Kiles conveyed the adjoining land to Nelson Major and June Major, husband and wife, who, in turn, conveyed it in 1961 to Ralph Carlacci and Anna Mae Carlacci, the appellees herein. In 1964, the Kiles sold the land on which their residence was located to Robert Wittig and Jane Wittig, the appellants. The Wittigs maintained the land up to the fence line until 1982, when the Carlaccis tore down a portion of the fence and removed a tree. The Carlaccis contended that their property line, as determined by survey and the description in their deed, was located a foot or more on the Wittigs' side of the fence.

In the Wittigs' action in ejectment, they alleged that it was they who held title up to the fence line. They had acquired title, they alleged, by deed, or by adverse possession, or by a long-standing fence which constituted a consentable boundary line. Following trial without jury, the trial court determined that record title for the disputed strip of land was in the Carlaccis by virtue of their deed description and the description contained in the deed from the Kiles to the Carlaccis' predecessor in title. Appellants' claims of title by adverse possession and by consentable line were rejected because appellants had been in possession of their tract for only eighteen years. Moreover, the court held,

appellants could not tack on the possession of their predecessor because there was no evidence that the Kiles had intended to effect an adverse and hostile possession of any part of the land which, several years after erection of the fence, they had conveyed to the Carlaccis' predecessor in title.

The law pertaining to the doctrine of consentable lines was stated in *Inn Le'Daerda, Inc. v. Davis*, 241 Pa.Super. 150, 360 A.2d 209 (1976), where the court explained:

> Our courts have long recognized ... that a boundary line may be proved by a long-standing fence without proof of a dispute and its settlement by a compromise. In *Dimura v. Williams*, [446 Pa. 316, 286 A.2d 370 (1972)], the court noted:
>
>> It cannot be disputed that occupation up to a fence on each side by a party or two parties for more than twenty-one years, each party claiming the land on his side as his own, gives to each an incontestable right up to the fence, and equally whether the fence is precisely on the right line or not. *Id.* 446 Pa. at 319, 286 A.2d at 371.
>
> In such a situation the parties need not have specifically consented to the location of the line. *Dimura v. Williams, supra,* 446 Pa. at 319, 286 A.2d at 371. It must nevertheless appear that for the requisite twenty-one years a line was recognized and acquiesced in as a boundary by adjoining landowners. *See Miles v. Pennsylvania Coal Co.*, 245 Pa. 94, 91 A. 211 (1914); *Reiter v. McJunkin*, 173 Pa. 82, 33 A. 1012 (1896). As the court in *Reiter* noted, "[t]he value of such a fence does not rest upon the acts of him who alleges its existence merely, but upon its recognition and maintainance, [sic] by the owners of the farms which it separates, as the line between them." *Id.*, 173 Pa. at 85, 33 A. at 1012.

*Id.*, 241 Pa.Superior Ct. at 163, 360 A.2d at 215–216 (footnote omitted). See also: *Norwich v. Beaver*, 326 Pa.Super. 456, 474 A.2d 329 (1984); *Burns v. Mitchell*, 252 Pa.Super. 257, 381 A.2d 487 (1977).

■ In the instant case, the Wittigs were in possession of their land only for eighteen years. To claim title, therefore, it was essential that their predecessor's possession be tacked on to the time during which the Wittigs were in possession. The evidence showed that, although the fence had been erected in 1956 or 1957, the Kiles' 1959 deed to the Carlaccis' predecessor in title included the fence within the boundaries of the land conveyed. Moreover, when the Kiles later conveyed to the Wittigs, the description in the deed did not include the land immediately adjacent to the fence.

In *Castronuovo v. Sordoni*, 357 Pa.Super. 187, 515 A.2d 927 (1986), a panel of this Court reviewed the applicable law as follows:

The possession of successive occupants may be tacked, but only where there is privity between them. *Masters v. Local Union No. 472, United Mine Workers*, 146 Pa.Super. 143, 22 A.2d 70 (1941). For our purposes, "privity" refers to a succession of relationship to the same thing, whether created by deed or other acts or by operation of law. *Stark v. Lardin*, 133 Pa.Super. 96, 1 A.2d 784 (1938).

But a deed does not of itself create privity between the grantor and the grantee as to land not described in the deed but occupied by the grantor in connection therewith, although the grantee enters into possession of the land not described and uses it in connection with that conveyed * * * The deed, in itself, creates no privity as to land outside its calls. Nor is privity created by the bare taking of possession of land previously occupied by the grantor.

*Gerhart v. Hilsenbeck*, 164 Pa.Super. 85, 88, 63 A.2d 124, 126 (1949) (quotations omitted). Our court has held that acceptance of a deed describing boundary lines confined the premises to the area within the boundaries, and that such a deed did not convey inchoate rights acquired by incompleted adverse possession. *Masters, supra.* Each predecessor must have claimed title to the property in dispute, and in transferring to his successors must have

purported to include it. *Shaffer v. Lauria,* 50 Pa.Super. 135 (1912).

*Id.,* 357 Pa.Superior Ct. at 193–194, 515 A.2d at 930–931 (footnote omitted).

■ Thus, a grantee cannot tack his grantor's possession of land when the grantor does not convey such land to him. The only recognized exception occurs where an intent to convey more land than that described may be inferred from the circumstances or the deed itself. *Castronuovo v. Sordoni, supra,* 357 Pa.Superior Ct. at 193 n. 7, 515 A.2d at 931 n. 7. In the instant case, both the Kile deed to the Wittigs and the testimony of Mrs. Kile established that the deed from her and her husband had been intended to convey only that land described in the deed. It matters not that she mistakenly believed that the deed description included all land adjacent to the fence. Mrs. Kile testified that both the Carlacci and Wittig deeds accurately described the land which she and her husband intended to convey. Therefore, this was not a case in which there was an intent to convey more than the Kiles owned; the period of the Kiles' occupancy could not be tacked on to the eighteen years in which the Wittigs held possession of the land up to the fence.

It appears, therefore, that the adjudication of the trial court was correct and that the judgment entered thereon must be affirmed.

Judgment affirmed.

OLSZEWSKI, J., files a concurring statement.

OLSZEWSKI, Judge, concurring:

I concur in the result only. While I agree with the trial court's determination regarding the filing date of the post-trial motions, it is my opinion that the holding should be limited to the facts of this case. Therefore, I believe that Pa.R.C.P. 227.1(c)(2) should be strictly applied except in cases, analogous to the one at bar, in which (1) the appellant establishes lack of notice of the filing of the trial court's decision, and (2) the appellees do not object or allege preju-

dice because of the date on which the post-trial motions were filed. It is my opinion that more expansive interpretation regarding Rule 227.1(c)(2) is within the strict purview of our Supreme Court's rule-making province.