## Brocklehurst v. Watson

*Anna Belle Jones,* for plaintiffs.

*William J. Madden,* for defendant David Thomas Watson.

*Robert G. Yeatts,* for additional defendants.

ACKER, *P.J.,* September 14, 1990 — We have for consideration plaintiff's motion for damages for delay. This motion arises from a jury verdict returned against defendant, David Thomas Watson, and additional defendants, Karen and David Brocklehurst, and the Township of Lake, on May 24, 1990.

On November 18, 1986, plaintiffs filed a complaint against defendants, David and Cheryl Watson. The complaint arises from an incident which occurred on May 23, 1985. It is alleged by defendants that they were prepared to proceed to trial on September 27, 1989. It is further alleged by defendants that trial was delayed to January 1, 1990, because plaintiffs, Karen and David Brocklehurst, as additional defendants, did not have counsel and did not secure counsel until February 28, 1990. The trial commenced on May 22, 1990. A verdict for plaintiff was rendered May 24, 1990.

It is plaintiff's position that, pursuant to Pa.R.C.P. 238, due to the delay in bringing this case to trial, this court should add damages for delay computed from November 18, 1986. Defendants, David and Cheryl Watson, object to plaintiff's position, first, because the request for delay damages was untimely filed; and second, the plaintiff incorrectly computed delay damages. It is defendant's position that, if any delay damages are owing, the calculating time should not begin to run until February 12, 1988, and should not include the time period that plaintiff allegedly delayed while obtaining counsel to represent them as additional defendants.

Delay damages are authorized by Pa.R.C.P. 238, 42 Pa.C.S.

"Rule 238. *Damages for Delay in Actions for Bodily Injury, Death or Property Damage*

"(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. §7361, and shall become part of the verdict, decision or award.

"(2) Damages for delay shall be awarded for the period of time

"(i) *in an action commenced before August 1, 1989,* from the date the plaintiff first filed a complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision; or

"(ii) in an action commenced on or after August 1, 1989, from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

"(3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the *Wall Street Journal* published for each calendar year for which the damages are awarded, plus one percent, not compounded." Pa.R.C.P. 238(a), 42 Pa.C.S.

## II

It is defendant's position that delay damages should not be awarded at all based on the fact that plaintiff filed them untimely. Pa.R.C.P. 238(c) states that "not later than 10 days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation." The facts are undisputed that in the instant case plaintiff did not move for delay damages until 18 days after the jury handed down their verdict. Plaintiffs have informed the court that this lapse of time occurred due to the inadvertence of plaintiff's counsel.

"A trial court has broad discretion to entertain untimely procedural motions." *Wittig v. Carlacci,* 370 Pa. Super. 584, 537 A.2d 29 (1988).

In *Wittig,* the Pennsylvania Superior Court was confronted with a similar procedural issue. In that case post-trial motions were not filed until 18 days (the exact number as in the instant case) after the trial court's adjudication. Despite the untimeliness of the motion, the trial court addressed the merits of the issues raised. The Superior Court stated that Pa.R.C.P. 2271 was a procedural rule and not jurisdictional. Therefore, the court ruled that the trial

court should be afforded broad discretion to entertain untimely procedural motions. *Wittig v. Carlacci, supra.* *

We conclude the time limits placed on filing a motion for delay damages should be treated as the time restraints provided in other procedural rules. The trial court is afforded broad discretion to entertain such an untimely procedural motion. *Wittig v. Carlacci, supra.*

The Superior Court in *Wittig* lists the following cases in which the appellate courts have recognized the broad discretion afforded trial courts to entertain untimely motions. *Karpe v. Borough of Stroudsburg,* 290 Pa. Super. 559, n.2, 434 A.2d 1292, n.2 (1981) (judgment notwithstanding the verdict and motion for a new trial treated as exceptions to the verdict); *Brodsky v. Philadelphia Athletic Club,* 277 Pa. Super. 549, 419 A.2d 1285 (1980) (filing exceptions nunc pro tunc three days after the 10-day period); *Plato v. City of Pittsburgh,* 71 Pa. Commw. 463, 454 A.2d 1196 (1983) (exceptions filed six days after 10-day period). See also, *SNT Industries Inc. v. Geanopulos,* 512 Pa. 330, 516 A.2d 705 (1986) (the Supreme Court reversed and remanded for consideration of merits of appeal, even though considered

---

* Before continuing our inquiry concerning the timeliness of plaintiff's motion for delay damages, we note that it is unclear whether such a motion should be treated as a post-trial motion or something else altogether. While it is true that rule 238 delay damages and rule 227.1 post-trial motions both demand filing of the motions within 10 days of the verdict or filing of the decision, the Superior Court in *Dietrich v. J.I. Case Co.,* 390 Pa. Super. 475, 568 A.2d 1272 (1990), noted that neither the Rules of Appellate Procedure, nor the Rules of Civil Procedure, have ever specifically required issues concerning delay damages to be raised in post-trial motions. *Dietrich v. J.I. Case Co., supra,* n.7.

by trial court, because of late filing of supplemental post-trial motions), and *Coyne v. County of Allegheny,* 129 Pa. Commw. 554, 566 A.2d 378 (1989) (agreed with reasoning of *Wittig, supra;* post-trial motions filed 11 days after 10-day limit).

In the instant case, plaintiff's attorney candidly admitted to this court that through her inadvertence she failed to file the motion for delay damages within the 10-day limit as prescribed in rule 238(c), Pa.R.C.P. This case is factually very similar to *Brodsky v. Philadelphia Athletic Club,* 277 Pa. Super. 549, 419 A.2d 1285 (1980). In *Brodsky* appellant's failure to file timely exceptions was due to counsel's mistake in believing that he had 20 days instead of 10 days within which to file exceptions. The Superior Court held the matter lies within the discretion of the chancellor to permit filing of exceptions to the chancellor's ruling nunc pro tunc after the 10-day period has expired. The court further recognized that mistake of counsel is a basis on which courts have frequently acted to relieve a party of defaults. See *Ecumenical Enterprises v. Nadco Construction Inc.,* 253 Pa. Super. 386, 385 A.2d 392 (1978); *Alexander v. Jesray Construction Co.,* 237 Pa. Super. 99, 346 A.2d 566 (1975).

It is this court's decision to entertain plaintiff's motion for delay damages. The 10-day limit prescribed in rule 238(c), Pa.R.C.P. is a procedural matter for which trial courts are afforded a great deal of discretion. It would be unjust to penalize the plaintiffs for their attorney's mistake.

### III

Consistent with our decision allowing plaintiff to proceed, we now examine the calculation of delay damages pursuant to rule 238, Pa.R.C.P.

Rule 238(b) contains the following language:

"(b) the period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

"(1) after which the defendant has made a written offer of

"(i) settlement in a specified sum with prompt cash payment to the plaintiff, or

"(ii) a structured settlement underwritten by a financially responsible entity, and continued that offer in effect for at least 90 days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff; or

"(2) during which the plaintiff caused delay of the trial.

"*Note:* This rule does not preclude the suspension of damages for delay as a *pretrial* sanction under Discovery Rule 4019." (emphasis in original)

Delay damages in this case are to be calculated continuously from the date the original complaint was filed. Rule 238 does not permit the exclusion from the calculation of delay-damage periods of delay for which no party is responsible. *Tindal v. SEPTA,* 385 Pa. Super. 94, 560 A.2d 183 (1989).

Rule 238 excludes awards of delay only during two specific periods of time.

"(1) Any periods of time after which the defendant has made a written offer of settlement, the offer is continued in effect for at least 90 days or until the commencement of trial, whichever occurs first, the offer is rejected by the plaintiff, and the plaintiff does not recover more than 125 percent of the offer; and (2) any periods of time during which the plaintiff caused delay of the trial." *Shellhammer v. Grey,* 390

Pa. Super. 122, 568 A.2d 224 (1989); *Tindal v. SEPTA,* 385 Pa. Super. 94, 560 A.2d 183 (1989).

## IV

In the instant case, this action was commenced prior to August 1, 1989. According to rule 238(a)(2)(i), delay damages would therefore begin to run on November 18, 1986, the date when the complaint was filed. The date of the complaint occurred later than a date one year after the accrual of the cause of action.

A jury verdict was returned on May 24, 1990. The total period for calculating delay damages in the case, not taking into account any excluded periods of time, would be from November 18, 1986 to May 24, 1990.

We note the record is void of any written offer made by defendants to plaintiffs. Pa.R.C.P. 238(b)(1). As to delay claimed to have been caused by plaintiff, it is defendants' position that, although defendants were ready to proceed to trial on September 27, 1989, the trial was delayed until January 1990 because plaintiffs, Karen and David Brocklehurst, as additional defendants, did not have counsel. It is defendant's contention that this period of delay should be attributed to plaintiffs and should be excluded for the calculations. We disagree.

"The basic aim of rule 238 is to alleviate delay in the disposition of cases and thereby lessen congestion in the courts." *Jistarri v. Fentress,* 390 Pa. Super. 209, 568 A.2d 618 (1989); *Sherril v. Port Authority of Allegheny County,* 383 Pa. Super. 104, 556 A.2d 450 (1989). The clear-cut goal of rule 238 is to promote early settlement. *Jistarri v. Fentress, supra.*

With this in mind, it is clear that plaintiff should not be penalized for delay during the period that

they were without counsel as additional defendants in the case. Rule 238 is designed to establish and promote the settlement of cases. *Jistarri v. Fentress, supra.* Despite the fact that plaintiff needed time to employ counsel to represent them as additional defendants, defendants David and Cheryl Watson were not prevented during this time from attempting to settle the case with the plaintiffs. Had the defendants presented a written settlement offer to plaintiffs during this time period, calculation of delay damages would have been tolled. Instead, defendants failed to make any offer to plaintiffs. Defendants will not be permitted to benefit from these circumstances. This is particularly true when defendants joined plaintiffs as additional defendants, requiring them to employ new counsel due to potential conflicts of interest.

Newly enacted rule 238 does not permit the exclusion from the calculation of delay damages periods of delay for which no party is responsible due to extraneous administrative concerns. *Tindal v. SEPTA, supra.*

## V

Consistent with the preceding findings, delay damages will be awarded to the plaintiff for the time period of November 18, 1986 to May 24, 1990. These damages shall be calculated pursuant to rule 238(3) which provides for a rate equal to the prime rate as listed in the first edition of the *Wall Street Journal* published for each calendar year for which the damages are awarded, plus one percent, not compounded. The prime rate published in the first edition of the *Wall Street Journal* for each of the years specified is as follows:

| Date of Publication | Prime Rate |
|---|---|
| January 2, 1986 | 9 1/2<br>+ 1<br>= 10 1/2 |
| January 2, 1987 | 7 1/2<br>+ 1<br>= 8 1/2 |
| January 4, 1988 | 8 3/4<br>+ 1<br>= 9 3/4 |
| January 3, 1989 | 10 1/2<br>+ 1<br>= 11 1/2 |
| January 2, 1990 | 10 1/2<br>+ 1<br>= 11 1/2 |

Applying these numbers to the amounts arrived at by the jury, we arrive at the following amount of delay damages owed the respective parties.

### Plaintiff Amber Brocklehurst's Claim

| 11/18/86 to 12/31/86 | $16,000 x 10 1/2<br>= $197.80 |
|---|---|
| 1/1/87 to 12/31/87 | 16,000 x 8 1/2<br>= 1,360.00 |
| 1/1/88 to 12/31/88 | 16,000 x 9 3/4<br>= 1,560.00 |
| 1/1/89 to 12/31/89 | 16,000 x 11 1/2<br>= 1,840.00 |
| 1/1/90 to 5/24/90 | 16,000 x 11 1/2<br>= 725.76 |
| Delay Damages | $5,683.56 |

580

*Parents' Derivative Claim*

| | |
|---|---|
| 11/18/86 to 12/31/86 | $3,701.50 x 10 1/2 = $45.58 |
| 1/1/87 to 12/31/87 | 3,701.50 x 8 1/2 = 314.63 |
| 1/1/88 to 12/31/88 | 3,701.50 x 9 3/4 = 360.90 |
| 1/1/89 to 12/31/89 | 3,701.50 x 11 1/2 = 425.67 |
| 1/1/90 to 5/24/90 | 3,701.50 x 11 1/2 = 168.48 |
| *Delay Damages* | $1,315.26 |

We conclude defendants owe the parents of plaintiff a total of $5,016.76, and they owe plaintiff, Amber Brocklehurst, a total of $21,683.56.

Hence, this

### ORDER

And now, September 14, 1990, it is hereby ordered and decreed the motion of defendant, David Thomas Watson, to dismiss is denied.

Damages for delay pursuant to Pa.R.C.P. 238 are awarded to petitioner, Amber Brocklehurst, through her father, David Brocklehurst, in the amount of $5,683.56, and to David Brocklehurst and Karen Brocklehurst in their own right in the amount of $1,315.26.