1999 PA Super 22

**David M. BEHAR, M.D., Appellant,**

v.

**David M. FRAZIER and Sandra Jean Hardy, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 6, 1998.

Filed Jan. 28, 1999.

---

Mitchel H. Sheinoff, Philadelphia, for appellant.

David M. Frazier, Philadelphia, appellee.

Before McEWEN, President Judge, and LALLY–GREEN and MONTEMURO,* JJ.

LALLY–GREEN, J.:

¶ 1 Appellant, David Behar, M.D., appeals the April 13, 1998 judgment entered by the Court of Common Pleas of Philadelphia County in favor of Appellee, David M. Frazier. We affirm.

¶ 2 Appellee, an attorney, represented Sandra Hardy in connection with a medical malpractice action. Appellee named Appellant, a board-certified psychiatrist, as one of the eleven defendants in the suit. The suit sought to hold Appellant liable for medical malpractice, emotional distress, and false imprisonment stemming from Appellant's psychiatric evaluation of Hardy for an involuntary commitment at a medical facility.

¶ 3 Appellee acted as Hardy's attorney in the malpractice action from November of 1993 through May of 1995. In May of 1995, the trial court granted Appellee leave to withdraw as counsel and subsequent counsel was substituted. Shortly thereafter, the parties reached an agreement to dismiss Appellant from the case.

¶ 4 Appellant commenced a wrongful use of civil proceedings suit against both David M. Frazier, Esq. and Sandra Hardy on June 20, 1996. A default judgment was entered against Hardy on November 18, 1996.

¶ 5 Appellant alleged that Appellee's conduct in representing Hardy was tortious and actionable under 42 Pa.C.S.A. §§ 8351–8354. The trial court heard the case non-jury on September 29, 1997. At trial, the only witness called in Appellant's favor was Appellant himself. Appellee, representing himself, rested after cross-examination of Appellant. The trial court issued a verdict in favor of Appellee by order dated October 16, 1997 and docketed October 17, 1997. Appellant filed post-trial relief motions on December 12, 1997. The trial court held oral argument and denied the post-trial motions by order

* Retired Justice assigned to Superior Court.

dated January 26, 1998. On February 18, 1998, Appellant filed an appeal. The October 16, 1997 verdict was then reduced to final judgment by praecipe dated April 13, 1998. Since judgment has now been entered, we will address the merits of the appeal as this appeal is properly before us.[1]

¶ 6 Appellant presents two issues for our review: 1) whether the trial court erred in finding in favor of Appellee where the evidence established that Appellant met the elements of wrongful use of civil proceedings; and 2) whether the trial court erred in failing to award damages against Sandra Hardy where a default judgment had been entered against Hardy and Appellant established entitlement to damages at trial.

¶ 7 Preliminarily, we address whether this Court should dismiss the appeal because Appellant filed untimely post-trial motions. Rule of Civil Procedure 227.1(c)(2) specifically provides that post-trial motions must be filed within ten days after "notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial." Pa.R.Civ.P. 227.1(c)(2). Recently, our Supreme Court held in *Lane Enterprises, Inc. v. L.B. Foster Company*, 551 Pa. 306, 710 A.2d 54 (1998) that:

> Pa.R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes.

*Id.*

¶ 8 In *Lane Enterprises, Inc. v. L.B. Foster Co.*, 700 A.2d 465 (Pa.Super.1997),[2] the trial court directed the parties, at the close of hearing testimony, to file "post-trial memoranda" concerning the issues raised at trial, which both parties did. *Id.* at 470. The trial court issued an opinion disposing of the issues and appellant, believing that the trial court opinion was a final order, filed a praecipe to enter judgment and a notice of appeal. *Id.* Appellant therein did not file post-

trial motions and, therefore, did not comply with the requirements of Rule 227.1. *Id.* This Court determined that the waiver rule did not apply because the trial court had led both parties to believe that the order was final and appellant raised the same issues on appeal as were addressed in the trial court's opinion. *Id.* The Supreme Court disagreed and held, in a two-paragraph opinion, that appellant's failure to file post-trial motions resulted in waiver of the issues for appeal purposes. *Lane*, 551 Pa. at 306, 710 A.2d at 54.

¶ 9 Here, post-trial motions were due on October 27, 1997; however, they were actually filed on December 12, 1997. The trial court then could properly either strike the motions because they were untimely under Rule 227.1 or entertain the motions. *See Wittig v. Carlacci*, 370 Pa.Super. 584, 537 A.2d 29, 30 (Pa.Super.1988) (trial court had broad discretion to entertain untimely procedural motions so that where defendants' post-trial motions were considered on their merits and not stricken as untimely, the issues raised in the post-trial motions were preserved for appellate review).

¶ 10 The preliminary question here is whether *Lane* applies to a situation where post-trial motions were filed but in an untimely manner. While the applicable rule is identical, the underlying facts are different. On the one hand, where the trial court has no post-trial motion to consider, as in *Lane*, the parties have not presented the trial court with issues to deal with in an opinion and waiver occurs. On the other hand, where the trial court is faced with an untimely post-trial motion, the parties have presented the trial court with issues to deal with in an opinion. According to *Wittig*, 537 A.2d at 30, the trial court has the discretion to determine whether it will consider the untimely post-trial motion. We conclude, therefore, that *Lane* can be distinguished on its facts and that

---

1. The requirement that judgment be entered on the docket is a jurisdictional prerequisite to exercise of our jurisdiction. *Johnston the Florist, Inc. v. TEDCO Construction Corp.*, 441 Pa.Super. 281, 657 A.2d 511, 513–14 (1995).

2. The facts of *Lane* are set forth in the opinion of the Superior Court but not in the opinion of the Supreme Court.

*Wittig* should be followed, until such time as our Supreme Court otherwise directs.

¶ 11  We turn now to the merits of Appellant's claims.  Our review of a trial court's non-jury decision is limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law.  *Murray v. McCann*, 442 Pa.Super. 30, 658 A.2d 404, 408 (Pa.Super.1995).  Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion.  *Id.* at 408.  When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.  *Short v. Metropolitan Life Ins. Co.*, 339 Pa.Super. 124, 488 A.2d 341, 343 (1985).

¶ 12  Section 8351, 42 Pa.C.S.A. § 8351, delineates the standards for wrongful use of civil proceedings as follows:

§ 8351.  **Wrongful use of civil proceedings**

(a) **Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought

Section 8354, 42 Pa.C.S.A. § 8354, sets forth Appellant's burden of proof as follows:

In an action brought pursuant to this subchapter the plaintiff has the burden of proving, when the issue is properly raised, that:

. . .

(3) The defendant did not have probable cause for his action.

(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

Section 8352, 42 Pa.C.S.A. § 8352, defines "probable cause" as follows:

A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and . . . :

. . .

(4) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

Thus, Appellant bears the burden of proving that Appellee acted without probable cause in naming Appellant in the medical malpractice suit and, further, must otherwise comply with the relevant statutory standards.

¶ 13  The record reflects that only Appellant testified at trial.  Appellant testified:  he did not know Appellee prior to the suit; he never had any prior disagreements with Appellee; and Appellee never made any settlement demands on him.  N.T., 9/29/97, at 41.  Appellant's testimony, by itself, was insufficient to demonstrate what the motives of Appellee Frazier or Hardy were in instituting the original suit.  Following a review of the record, no evidence exists that Appellee filed suit against Appellant with the intention to harass or injure Appellant.  The learned trial court did not err in determining Appellant failed to meet his burden of proof.

¶ 14  Appellant's second issue is whether the trial court erred in failing to award damages against Sandra Hardy because a default judgment had been entered against Hardy and because Appellant had established entitlement to damages at trial.  The record reflects that while this issue was raised in the

untimely post-trial motions, it was not addressed by the trial court in its opinion. As the above discussion concerning *Wittig* reflects, the trial court has the discretion to determine whether or not to address untimely post-trial motions. *Wittig*, 537 A.2d at 30. Here, since the trial court did not address the issue, we are constrained by *Wittig* to consider the issue waived.

¶ 15 Judgment affirmed.