J-A29020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE ESTATE OF DOROTHY E. BOYER, CLIFFORD P. BOYER AND RUBY KAY JOHN, CO-EXECUTORS, AUDREY C. COOPER, JUDITH A. BOYER, CAROL R. MCCULLOUGH, JOSEPH G. BOYER, CLIFFORD P. BOYER, RUBY KAY JOHN, GRETA M. EDMONDS AND JILL R. JOHNSTON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| MARK C. BOYER, | |
| Appellant | No. 77 WDA 2014 |

Appeal from the Order entered December 18, 2013,
in the Court of Common Pleas of Clarion County,
Civil Division, at No(s): 883 CD 2012

BEFORE:  DONOHUE, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED OCTOBER 10, 2014**

Mark C. Boyer, ("Appellant"), appeals from the trial court's order disposing of the declaratory judgment action filed by the Estate of Dorothy E. Boyer, Clifford P. Boyer and Ruby Kay John, Co-Executors, Audrey C. Cooper, Judith A. Boyer, Carol R. McCullough, Joseph G. Boyer, Clifford P. Boyer, Ruby Kay John, Greta M. Edmonds, and Jill R. Johnston, (collectively "Heirs").  Heirs filed a motion to quash this appeal based on Appellant's failure to file post-trial motions pursuant to Pa.R.C.P. 227.1(c).  After a careful examination of the record, we grant Heirs' motion to quash.

*Retired Senior Judge assigned to the Superior Court.

The trial court set forth the factual background as follows:

Chester O. Boyer and his wife Dorothy ("the Boyers") were deeded the 141 acres of land that are the subject of this dispute on August 25, 1947 and recorded in Deed Book Volume 152, page 196. Nearly two decades later, the Boyers entered into an agreement with Goal Drilling Company, leasing their oil and gas rights. That lease was recorded in Deed Book Volume 192, page 120. Included in the lease agreement was a clause providing that the lease would become void "unless operations for the development of said premises for oil or gas are commenced within Ninety (90) days from the date hereof, or unless said second party shall pay $35.25 every three months in advance for each additional three months the commencement of such operations is delayed from the time above mentioned for the commencement of operations, until operations are commenced."

There is evidence that the 1966 lease remained in effect for many years. That evidence includes a 1997 meter measuring production chart covering the subject property; in 1997, Goal Drilling Company assigned the lease to Maple Grove Enterprises and recorded that assignment in Deed Book 477, Page 1127; and, Maple Grove continued making delay rental payments through 2010 to Chester O. Boyer.

On December 17, 1990[,] the Boyers transferred their title to the land to [Appellant] in a deed recorded in Deed Book 375, Page 508. The Boyers made two exceptions and reservations. First, they created a life estate in the property for themselves. Second, they excepted and reserved "the right to receive the *gas rental payments* from any and all present and future gas wells drilled or to be drilled on said property" (emphasis added). On May 16, 1991, the Boyers modified their December 17, 1990 deed by conveying their life estate to [Appellant] in order to give him "fee simple ownership" of the land. However, the Boyers once again excepted and reserved the "gas rental payments" in the land using identical language from the December 1990 deed. The 1991 deed was recorded in Deed Book 379, Page 694. Chester O. Boyer died on October 28, 1996. In October of 2008, [Appellant] filed an Affidavit of Non-Production regarding the June 17, 1966 lease which he recorded in Deed Book 772, Page 375. Dorothy Boyer died testate on May 4, 2011.

Trial Court Opinion and Order, 12/18/13, at 2-3.

As to this action's procedural posture, the trial court explained:

[Heirs] filed an Action for Declaratory Judgment concerning a 141 acre tract of land ("Boyer Property") situated in Porter Township, Clarion County, Pennsylvania, asking the Court to declare that the oil and gas rights to the property are owned by the heirs of Dorothy E. Boyer. [Appellant] filed a counterclaim against [Heirs] asking this court to Quiet Title to the Boyer Property including the oil and gas rights in [Appellant's] name alone.

[Heirs] include the Estate of Dorothy E. Boyer, acting through co-executors Clifford P. Boyer and Ruby Kay John and the other heirs, excepting [Appellant], of Dorothy Boyer including three other daughters, a son, and two children of a deceased child of Dorothy E. Boyer. [Appellant], a son of Dorothy E. Boyer, resides on the Boyer Property, and is the acknowledged owner of the surface of the 141 acre tract. After submitting briefs, both parties appeared before this court on Monday, October 21, 2013, placing the case before the court on stipulated facts. [Heirs] allege that [Appellant] does not have sole ownership of the oil and gas rights beneath the Boyer Property.

Instead, [Heirs] argue that the oil and gas are owned as tenants in common by the heirs of Dorothy E. Boyer. [Appellant] argues that he is the sole owner of the oil and gas rights as the deed to him from his parents did not reserve those rights.

Trial Court Opinion and Order, 12/18/13, at 1-2.

On December 18, 2013, the trial court ordered that "[Appellant's] counterclaim seeking to Quiet Title to the Boyer Property is granted in Part. [Heirs'] Action for Declaratory Judgment is granted in part and denied in part. [Appellant] is the fee simple owner of the surface and the sub-surface except the gas rights which are owned by the heirs of Dorothy Boyer as

- 3 -

tenants in common." Order, 12/18/13, at 1. Appellant did not file post-trial motions. On January 8, 2014, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925. On March 26, 2014, Appellant's original counsel withdrew his appearance "based upon the facts that Attorneys Lander and Shekell have entered their appearances of record on behalf of [Appellant][.]" Praecipe to Substitute Counsel, 3/26/14, at 2.

On June 26, 2014, Heirs moved to quash Appellant's appeal based on Appellant's failure to file post-trial motions pursuant to Pa.R.C.P. 227.1(c). On July 8, 2014, Appellant filed its response to Heirs' motion to quash. Appellant averred that he had not failed to comply with Pa.R.C.P. 227.1(c) because the trial court's December 18, 2013 order was not entered "following a non-jury trial." Appellant's Response to [Heirs'] Motion to Quash Appeal, 7/8/14, at 1. Appellant's averment is belied by the record.

Our rules of civil procedure provide that:

**Rule 1038.1. Case Submitted on Stipulated Facts**

A case may be submitted on stipulated facts for decision by a judge without a jury. **The practice and procedure as far as practicable shall be in accordance with the rules governing a trial without jury.**

Pa.R.C.P. 1038.1 (emphasis supplied).

Instantly, the parties filed pre-trial statements in this action. Heirs' pre-trial statement specifically asserted:

2. <u>CASE SUBMITTED ON STIPULATED FACTS PURSUANT TO Pa.R.C.P. 1038.1</u>

- 4 -

Counsel for [Heirs] and for [Appellant] have been working on a Statement of Stipulated Facts to be presented to the Court in lieu of testimony [regarding] the case. However, as of this date, Stipulated Facts have not been agreed upon.

[Heirs'] Pre-Trial Statement, 8/14/13, at 2.

Appellant's pre-trial statement averred:

**6. <u>Stipulations.</u>**

The parties are currently attempting to agree upon a list of stipulated facts. However, at present, no such listing has been agreed upon.

[Appellant's] Pre-Trial Statement, 8/16/13, at 4.

On August 30, 2013, the trial court entered an order, which stated in

pertinent part:

**AND NOW**, August 30, 2013, during a conference call today[,] attorneys [for Heirs and Appellant] **stated they believe they will reach a stipulation of facts to be placed in writing and submitted to the court in lieu of testimony at trial.** []

Under these circumstances, it is ORDERED as follows:

1) **By September 13, 2013, the attorneys shall either file their written stipulation** or inform the court that they cannot reach a stipulation.

2) **If the attorneys file a stipulation, there will be no trial, but the court will receive the briefs of the parties and hear oral arguments of both attorneys.** The attorneys shall file their briefs by October 11, 2013 and the court will hear oral argument on October 21, 2013 at 1:30 p.m.[.]

Order, 8/30/13, at 1-2 (emphasis supplied).

On September 13, 2013, a pleading titled "Stipulated Facts" was filed

"on [b]ehalf of [a]ll [p]arties. Stipulated Facts, 9/13/13, cover page. The

- 5 -

pleading indicated that "the parties, by and through their respective undersigned legal counsel,…hereby respectfully submit[ted] to the court the following listing **of stipulated facts and evidence at issue in the above captioned litigation[.]**" *Id.* at 1 (emphasis supplied).  The pleading had 10 attached exhibits consisting of the following:  1-2) the 1990 and 1991 deeds relative to the Boyer property between the Boyers and Appellant; 3) the 1966 agreement between the Boyers and Goal Drilling Company; 4) Appellant's 1991 mortgage agreement with New Bethlehem Bank concerning the Boyer property; 5) the 1991 Subordination Agreement between the Boyers and Appellant; 6) the 2005 Last Will and Testament of Dorothy E. Boyer; 7) a 2013 affidavit from Appellant describing his removal of the property's gas meter chart; 8) the 1997 Assignment of Oil and Gas Leases and Related Wells & Assumption of Liability between H.A. Goal Inc. and Maple Grove Enterprises, Inc.; 9) Appellant's 2008 Affidavit of non-production of gas regarding the Boyer property; and 10) documentation regarding royalty payments from Maple Grove Enterprises, Inc., to the Boyers, between 2003 and 2010.  *See* Stipulated Facts, 9/13/13, Exhibits 1-10.

Pursuant to the trial court's August 30, 2013 order, Appellant filed his brief opposing Heirs' complaint, wherein Appellant "request[ed] that [the trial] court enter **judgment in his favor, and against [Heirs]** with respect to both the Complaint [for declaratory judgment]…, and [Appellant's]

- 6 -

Counterclaim [to quiet title]." [Appellant's] Brief in Opposition to [Heirs']

Complaint and in Support of [Appellant's] Counterclaim, 10/11/13, at 8.

Therefore, contrary to Appellant's assertions, and as noted by the trial

court, the record reflects that, "[a]fter submitting briefs [on September 13,

2013 as ordered], both parties appeared before this court on Monday,

October 21, 2013, **placing the case before the court on stipulated**

**facts.**"[1] Trial Court Opinion and Order, 12/18/13, at 2 (emphasis supplied).

Accordingly, pursuant to Pa.R.C.P. 1038.1 and 227.1(c), Appellant was

required to file post-trial motions in order to preserve his issues for appellate

review. ***Warfield v. Shermer,*** 910 A.2d 734, 738-739 (Pa. Super. 2006)

(internal citation omitted) (quashing appeal where appellant failed to file

post-trial motions noting that "orders following trials on stipulated facts must

be treated just like orders following other trials, i.e., in both situations,

parties who wish to appeal must first file post-trial motions").

It is undisputed that Appellant did not comply with Pa.R.C.P. 227.1,

which provides in pertinent part:

**Rule 227.1  Post-Trial Relief**

(c)  Post-trial motions shall be filed within ten days after

    (1) verdict, discharge of the jury because of inability to
agree, or nonsuit in the case of a jury trial; ***or***

_____

[1] Appellant's notice of appeal avers "[n]o request for transcript is made or attached because it is believed that there is no verbatim record of the proceedings[.]" [Appellant's] Notice of Appeal, 1/8/14, at 1.

> (2) notice of nonsuit **or the filing of the decision in the case of a trial without a jury.**

Pa.R.C.P. 227.1(c)(1)-(2) (emphasis supplied).

In a case where we affirmed a trial court's denial of an appellant's motion to file post-trial motions *nunc pro tunc*, we emphasized:

> [T]he filing of post-trial motions...ensure[s] that that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors...advances the orderly and efficient use of our judicial resources. First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal[.]

*D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.,* 71 A.3d 913, 919 (Pa. Super. 2013) (internal citations omitted).

In finding that the appellant in *Fuel City* had waived its appellate issues, we opined:

> Appellant in this case did not file any post-trial motions, *procedurally flawed* or otherwise. Accordingly, Appellant's claims of error are waived. *Behar v. Frazier,* 724 A.2d 943, 945 (Pa. Super. 1999) (noting that "where the trial court has no post-trial motion to consider as in *Lane* [*Enterprises Inc. v. L.B. Foster Company,* 551 Pa. 306, 710 A.2d 54 (1998)], the parties have not presented the trial court with issues to deal with in an opinion and waiver occurs").

*Fuel City,* 71 A.3d at 920.

Here, Appellant did not file any post-trial motions following the parties' submission of the case on stipulated facts pursuant to Pa.R.C.P. 1038.1, and as required by Pa.R.C.P. 227.1(c). Accordingly, we find that Appellant's appellate issues are waived, such that we grant Heirs' motion to quash Appellant's appeal.

Appeal quashed. Jurisdiction relinquished.

Judge Donohue joins the memorandum.

Judge Strassburger files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014