J-A01011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RICHARD VAUTAR, AS ATTORNEY-IN-FACT FOR BERTHA VAUTAR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FIRST NATIONAL BANK OF PENNSYLVANIA, | |
| Appellee | |
| v. | |
| THE ESTATE OF FRANCES SAKMAR, AND MICHAEL SAKMAR AND EDWARD SAKMAR, CO-EXECUTORS OF THE ESTATE OF FRANCES SAKMAR, | |
| Appellee | |
| v. | |
| MICHAEL SAKMAR, EDWARD SAKMAR, AND EILEEN ATWOOD, INDIVIDUALLY, | |
| Appellants | No. 161 WDA 2014 |

Appeal from the Judgment entered December 30, 2013,
in the Court of Common Pleas of Cambria County,
Civil Division, at No(s): 2009-01615

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED FEBRUARY 27, 2015**

On November 8, 2007, Richard Vautar, as attorney-in-fact for his mother, Bertha Vautar, ("Ms. Vautar"), initiated an action against First National Bank of Pennsylvania, ("Bank"), alleging that Bank improperly paid

to Frances Sakmar, ("Decedent"), the total value of four certificates of deposit which were owned by Jean Sojak, Ms. Vautar's deceased sister, and which were held in trust for Jean Sojak's two sisters, Ms. Vautar and Decedent. On January 28, 2008, Bank filed a third party complaint against Decedent, who was later substituted by her estate and its co-executors, Michael and Edward Sakmar, (collectively "Sakmar Defendants"). On August 16, 2010, Bank filed an amended third party complaint joining, in their individual capacities, the heirs of Decedent's estate, the Sakmar Defendants, and Eileen Atwood (collectively "Appellants").

On June 11, 2013, a non-jury trial commenced, which resumed to conclusion on August 23, 2013. On September 5, 2013, the trial court entered a verdict against Decedent's estate and in Bank's favor. On September 16, 2013, Bank moved for post-trial relief seeking to amend the verdict to include Appellants. On November 18, 2013, Appellants filed a brief in opposition to Bank's post-trial motion. On November 21, 2013, the trial court heard arguments on Bank's motion for post-trial relief. On December 16, 2013, the trial court entered an amended/supplemental verdict finding against Decedent's estate and Appellants, and in favor of Bank. On December 30, 2013, judgment was entered consistent with the trial court's December 16, 2013 amended/supplemental verdict. Appellants did not file post-trial motions. On January 15, 2014, Appellants filed a notice of appeal.

- 2 -

On February 19, 2014, this Court issued a *per curiam* order requiring Appellants to show cause why their appeal should not be dismissed due to their failure to file post-trial motions pursuant to Pennsylvania Rule of Civil Procedure 227.1, to which Appellants responded on March 4, 2014. Also on March 4, 2014, Bank filed an application to quash this appeal due to Appellants' failure to file post-trial motions. On March 11, 2014, we discharged our February 19, 2014 *per curiam* order. On March 24, 2014, Appellants answered Bank's application to quash arguing, *inter alia*, that "Rule 227.1 … does not require post-trial motions to be filed following the grant of another party's post-trial motion." Appellants' Answer to [Bank's] Petition to Quash Appeal, 3/24/14, at 7. Appellants further argued that the amended/supplemental verdict followed Bank's post-trial motion, rather than a trial, thus exempting Appellants from the purview of Rule 227.1. ***Id****.* at 8. On March 24, 2014, the trial court issued a letter to our Court "defer[ring] filing an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) pending resolution" of Bank's application to quash. Correspondence, 3/26/14, at 1. On April 17, 2014, this Court denied Bank's application to quash without prejudice to Bank to raise the issue before this panel. After careful consideration, we grant Bank's application to quash.

It is undisputed that Appellants did not comply with Pa.R.C.P. 227.1, which provides in pertinent part:

**Rule 227.1  Post-Trial Relief**

(c) **Post-trial motions shall be filed** within ten days after

> (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
>
> (2) notice of nonsuit **or the filing of the decision in the case of a trial without a jury**.

Pa.R.C.P. 227.1(c)(1)-(2) (emphasis supplied). Accordingly, a plain reading of Rule 227.1(c) required Appellants to file post-trial motions to the December 16, 2013 amended/supplemental verdict, which was the "the decision in the case of a trial without a jury", and pertained to Appellants in their individual capacities, and from which they appeal. Appellants are not relieved from Rule 227.1 because the amended/supplemental verdict was entered following Bank's post-trial motion and the arguments held in relation thereto.

We recently emphasized:

> [T]he filing of post-trial motions ... ensure[s] that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors ... advances the orderly and efficient use of our judicial resources. First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal....

***D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.,*** 71 A.3d 913, 919 (Pa. Super. 2013) (internal citations omitted). In finding that the appellant in ***Fuel City*** had waived its appellate issues, we observed:

- 4 -

Appellant in this case did not file any post-trial motions, *procedurally flawed* or otherwise. Accordingly, Appellant's claims of error are waived. <u>Behar v. Frazier, 724 A.2d 943, 945 (Pa. Super. 1999)</u> (noting that "where the trial court has no post-trial motion to consider as in <u>Lane [*Enterprises Inc. v. L.B. Foster Company,* 551 Pa. 306, 710 A.2d 54 (1998)</u>], the parties have not presented the trial court with issues to deal with in an opinion and waiver occurs").

***Id.,*** at 920. Accordingly, finding that Appellants failed to file post-trial motions as required by Pa.R.C.P. 227.1, we quash the appeal.

Bank's application to quash granted. Appeal quashed. Jurisdiction relinquished.

Judge Donohue joins the Memorandum.

P.J.E. Ford Elliott files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2015