J-A07009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEVEN D. ST. CLAIR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY F. AND LAURA D. SPENCER | : | |
| | : | |
| Appellants | : | No. 1103 MDA 2017 |

Appeal from the Judgment Entered August 8, 2017
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 7017-2016

BEFORE: PANELLA, J., OLSON, J., and STEVENS[*], P.J.E.

JUDGMENT ORDER BY PANELLA, J.            **FILED OCTOBER 15, 2018**

Gary F. and Laura D. Spencer appeal from the judgment[1] entered in the Luzerne County Court of Common Pleas, granting quiet title to Appellee, Steven D. St. Clair. Appellants contend that the trial court erred in finding Appellee established adverse possession of the disputed parcel of land. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellants purport to appeal from the order entered June 13, 2017, denying their post-trial motion. **See** Notice of Appeal, 7/11/17. "Orders denying post-trial motions, however, are not appealable. Rather it is the subsequent judgment that is the appealable order when a trial has occurred." **Harvey v. Rouse Chamberlin, Ltd**., 901 A.2d 523, 524 n.1 (Pa. Super. 2006) (citation omitted). Judgment was not entered until August 8, 2017, making Appellants' notice of appeal prematurely filed. However, as judgment has been entered on the verdict, we will treat the notice of appeal previously filed in this case as filed after the entry of judgment. **See** Pa.R.A.P. 905(a)(5). The appeals statement has been corrected.

In 2015, Appellee purchased a property located at 565 Salem Boulevard in Berwick, Pennsylvania, from the Estate of George W. McQuown, Sr. Shortly after purchasing the property, Appellee learned he did not hold fee title to the parcel of land on which his property was located. Therefore, Appellee filed a complaint seeking quiet title to the parcel under a theory of adverse possession. Appellants, the record owners of the disputed parcel, contested Appellee's claim.

The matter proceeded to a non-jury trial. Both parties presented witnesses, as well as several documents supporting their claims. Included within these documents were the deeds to Appellee's and Appellants' respective parcels of lands, as well as the deed of sale from the Estate of McQuown to Appellee. After considering this evidence, the trial court determined Appellee had proven adverse possession of the disputed parcel and quieted title to Appellee. This appeal follows.[2]

On appeal, Appellants assert the trial court erred in failing to consider the lack of privity between Appellee and McQuown. Appellants contend that Appellee needed to establish privity with McQuown in order to tack on McQuown's adverse use of the premises and establish adverse possession.

---

[2] Appellant's post-trial motion, filed on May 8, 2017, was untimely. **See** Pa.R.C.P. 227.1(c)(2). However, because the trial court elected to decide Appellants' post-trial motion on the merits, the issues raised therein are properly before us. **See Behar v. Frazier**, 724 A.2d 943, 945-946 (Pa. Super. 1999); 16A Standard Pennsylvania Practice 2d § 87:19 (2018).

However, Appellants assert Appellee cannot establish this privity because his deed does not contain an actual description of the contested parcel, and therefore does not establish that the Estate of McQuown intended to convey McQuown's adverse use of the property to Appellee.

Based upon Appellants' allegation of trial court error, the resolution of this appeal hinges on our examination of the parties' respective deeds and the deed of sale. However, Appellants have completely failed to ensure that these documents are part of the certified record on appeal.

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacune* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (internal citation omitted). "[T]he ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts." ***Id*** (citation omitted).[3]

---

[3] While sections of the documents in question are included within the reproduced record, a document does not become part of the certified record by merely placing a copy in the reproduced record. ***See Preston***, 904 A.2d at 6 ("In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record. … Simply put, if a document is not in the certified record, the Superior Court may not consider it.") Interestingly, in an order from this Court filed December 22, 2017, we

Without the documents at issue, there is no support for Appellant's sole issue on appeal. Accordingly, we find Appellant's sole issue on appeal waived.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2018

---

reminded the parties of this concept—and informed them of their right to request correction of the certified record in the trial court to include any omitted material. Neither party moved to correct the certified record.