**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| INCARE, LLC AND MEHDI NIKPARVAR, M.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| SHEHNAZ MOHSIN, M.D. | |
| Appellee | No. 828 MDA 2013 |

Appeal from the Judgment Entered May 31, 2012
In the Court of Common Pleas of Columbia County
Civil Division at No: 2074 OF 2010

BEFORE:  SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.                    **FILED: APRIL 20, 2020**

Appellants, Incare, LLC and Mehdi Nikparvar, M.D., appeal from the judgment entered May 31, 2012.  We affirm.

This is Appellants' second appeal in this case.  In their first appeal at 1196 MDA 2012, we summarized the lengthy procedural history as follows:

> On November 17, 2010, Appellee [Mohsin] filed a complaint against Appellants [Incare, LLC and Nikparvar] raising claims of breach of employment contract, fraud, and violation of the Pennsylvania Wage Payment and Collection Law (hereinafter WPCL).  Appellee served the complaint and notice to defend on November 18, 2010, via sheriff.  Appellants failed to respond within twenty days.  Consequently, on December 9, 2010, Appellee served a notice of intent to file a praecipe to enter a default judgment within ten days.  See Pa.R.C.P. 237.5.
>
> Appellants' first counsel entered his appearance on December 16, 2010.  Appellants filed preliminary objections, Appellee opposed, and the court overruled Appellants' preliminary objections on

---

[*] Retired Senior Judge assigned to the Superior Court.

March 1, 2011. The court also instructed Appellants to file an answer within twenty days. Appellants' first counsel requested, and Appellee's counsel agreed to, an extension of time until April 4, 2011, to file an answer. On April 4, 2011, Appellants' first counsel filed a motion to withdraw from representation citing a "rift in the attorney/client relationship." . . . On April 6, 2011, the court granted the motion to withdraw, instructed Appellants to file an answer within thirty days, and ordered Incare, LLC to obtain counsel within thirty days . . . Appellants did not comply with the court's order.

On May 6, 2011, Appellee filed a praecipe to enter a default judgment. The Prothonotary entered default judgment on May 6, 2011. At some point, Appellants obtained their second counsel. On May 12, 2011, Appellants' second counsel filed a petition to strike or open default judgment. Appellee opposed. The court did not immediately rule on the petition but scheduled argument for July 5, 2011.

Appellee served discovery. Appellants served objections but did not substantively respond. Appellee filed a motion to compel. The court granted the motion to compel, dismissed Appellants' objections, and ordered Appellants to respond to Appellee's discovery within twenty days . . . The court further ordered that if Appellants failed to comply, they would be subject to sanctions including counsel fees and preclusion of introducing evidence at trial.

On January 25, 2012, Appellants' second counsel filed a motion to withdraw, citing, *inter alia*, Appellants' uncooperative behavior and refusal to communicate with counsel . . . The court granted the motion that day and ordered Appellants to obtain new counsel within forty-five days.

On February 6, 2012, Appellee filed a combined motion for sanctions and to proceed with a damages trial. The court scheduled a hearing on Appellee's motion for April 25, 2012. Appellants did not respond to the motion or appear at the April 25, 2012 hearing. On April 26, 2012, the court denied Appellants' petition to strike or open default judgment.

On May 3, 2012, the court entered judgment in favor of Appellee and against Appellants on liability and liquidated damages. The court also scheduled a trial for unliquidated damages: "This matter

- 2 -

is scheduled for a non-jury trial commencing at 3:00 p.m. on May 29, 2012 to render a verdict with regard to the following, currently unliquidated damages," which included WPCL penalties, punitive damages, and counsel fees. Because Appellants failed to participate in discovery, the court also barred them from entering any evidence at the non-jury trial in opposition to the unliquidated damages claim. The order permitted Appellants to cross-examine and otherwise contest Appellee's testimony and evidence.

Appellants, however, did not appear at the May 29, 2012 non-jury trial on unliquidated damages. Appellee introduced evidence and testified regarding her unliquidated damages. The court opined:

> And you've covered everything very, very thoroughly. The exhibits are well organized and well explained, and what I'd be remiss to add on to your analysis of the punitive damages is the fact that pure and simple [Appellants] were really taking advantage of [Appellee's] status as an immigrant and hoping that she would not be complaining for fear that she might jeopardize her immigrant status and, therefore, underpaid her, overworked her and didn't pay her for certain items in violation of the law. [Appellants] seem to be banking on the fact that [Appellee] wasn't going to complain because she was an immigrant.

N.T. Trial, 5/29/12, at 50–51. The court also found Appellee's testimony credible . . . On May 31, 2012, the court entered judgment against Appellants for unliquidated damages in the amount of $395,508.09. Appellants did not file a post-trial motion. Subsequently, Appellants retained their third counsel.

**Mohsin v. Incare, LLC and Nikparvar** ("**Incare I**"), 2013 WL 11273214, at

*1-2 (Pa. Super., March 1, 2013) (unpublished memorandum).

The **Incare I** panel quashed Appellants' appeal for the following

reasons:

> Pa.R.C.P. 227.1(c)(2) mandates that a post-trial motion be filed within ten days of the decision resolving a non-jury trial. Pa.R.C.P. 227.1(c)(2). Filing a post-trial motion is a prerequisite to the preservation of issues on appeal, and the failure to file a post-trial

- 3 -

motion will result in the waiver of issues on appeal. ***Lane Enters., Inc. v. L.B. Foster Co.***, 710 A.2d 54 (Pa. 1998). The trial court has broad discretion to entertain an untimely post trial motion, and the consideration of an untimely motion will not result in the waiver of issues on appeal. ***Behar v. Frazier***, 724 A.2d 943, 945 (Pa. Super. 1999).

Instantly, the court held a non-jury trial on unliquidated damages. Appellants and their counsel did not appear. At the conclusion of the trial, the court awarded unliquidated damages and entered judgment against Appellants. Appellants, upon retaining their third counsel, did not file a post-trial motion prior to filing their notice of appeal. ***See*** Pa.R.C.P. 227.1(c)(2). […] Because Appellants failed to file a post-trial motion prior to filing the instant notice of appeal, Appellants have not preserved any issues for appellate review.

***Id.*** at *3.

On April 11, 2013, this Court remitted the record to the trial court. On April 15, 2013, Appellants moved for leave to file post-trial motions *nunc pro tunc*, in accord with the ***Incare I*** panel's invitation. In an order docketed on April 17, 2013, the trial court denied Appellant's motion, reasoning:

[Appellants] allege in their petition that they did not receive notice of judgment until they received interrogatories and requests for production in aid of execution on June 27th, 2012. [Appellants] allege that the judgment was entered on May 3[1], 2012. A review of the file indicates that the Prothonotary sent a timely notice of entry of judgment to [Appellants] on May 30, 2012. Thus, notice was sent. Nevertheless, [Appellants] actually received notice of judgment on June 27, 2012. The petition for leave to file post-trial motions *nunc pro tunc* was filed April 15, 2013, almost ten months after actual notice was discovered. This is an extraordinary delay without explanation. There is no basis for granting the petition for leave to file post-trial motions *nunc pro tunc*.

Order, 4/17/13, at 1-2.[1]

On July 3, 2013, we stayed all proceedings in this appeal because of Appellant Incare, LLC's entry into Chapter 13 bankruptcy. Almost six years later, on April 15, 2019, we lifted this stay due to termination of Incare's bankruptcy. Thereafter, all parties filed briefs at this caption number.

Appellants raise two issues in this appeal:

1. Whether the lower court abused its discretion in entering default judgment and severe sanctions against the Appellants in violation of due process?

2. Whether the lower court abused its discretion in denying the Appellants the opportunity to file post-trial motions?

Appellants' Brief at 6.

Because we discern no error in the trial court's denial of Appellants' request to file *nunc pro tunc* post-trial motions, we will not address the merits of their assertions of error. As the trial court noted in its opinion, Appellants waited 10 months after they admittedly received notice of the May 30, 2012 judgment before they attempted to file post-trial motions. Appellants have failed to offer any non-negligent explanation for that delay. The trial court found, and the record confirms, that Appellants have engaged in dilatory

---

[1] The trial court's order was final and appealable. ***D.L. Forrey & Assoc., Inc. v. Fuel City Truck Stop, Inc.***, 71 A.3d 915 (Pa. Super. 2013).

conduct throughout the pendency of this matter.[2]  Indeed, they failed to file an answer to Appellee's complaint; failed to answer Appellee's discovery motion; repeatedly delayed the proceedings by firing their attorneys; failed to appear at a hearing on April 25, 2012 relating to Appellee's motion for sanctions for Appellants' failure to answer the discovery motion; failed to appear at a non-jury trial on May 29, 2012 relating to Appellee's unliquidated damages; and failed to file post-trial motions after the May 31, 2012 decision awarding unliquidated damages.  Under these circumstances, the trial court did not abuse its discretion (*see Behar* 724 A.2d at 945) in refusing to permit Appellants to file post-trial motions *nunc pro tunc.*

Before disposing of this matter, however, we wish to address a procedural anomaly.  The trial court, despite Appellants' absence at trial, should have entered a non-jury decision (*see* Pa.R.C.P. No. 1038), not a judgment, on May 31, 2012 (we recognize that the caption in **Incare I** referenced an appeal from the May 31, 2012 judgment).  Pursuant to Pa.R.C.P. No. 227.1, a party may file post-trial motions following the completion of a trial, and entry of judgment follows either resolution of the post-trial motions or the aggrieved party's decision not to file them.  We

_____

[2]  Appellants have exhibited similar conduct in other matters.  *Sanchez v. Nikparvar and Incare, LLC* 2665 EDA 2017, 2019 WL 1307432 (Pa. Super. March 21, 2019); *Sanchez v. Nikparvar and Incare, LLC*, 1407 EDA 2013, 2016 WL 716 263 (Pa. Super. Feb. 23, 2016).

therefore do not believe the premature entry of judgment would have barred timely post-trial motions, had Appellants filed them. However, because the docket reflects entry of judgment, and because we discern no error in the trial court's denial of *nunc pro tunc* relief, we simply affirm the judgment.[3]

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/20/2020

---

[3] Prior to the bankruptcy stay, Appellee filed a motion to quash this appeal. By order of July 3, 2013, we denied that motion without prejudice to renew it after the stay was lifted. Appellee has not renewed the motion.